Howard Ehrenberg
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:08-bk-10277-BB |
| Axium International, Inc., | Chapter 7 |
| Debtor. | Jointly Administered With Case: |
| | Case No. 2:08-bk-10376-BB |
| | Substantively Consolidated With Cases: |
| | Case No. 2:08-bk-10294-BB |
| | Case No. 2:08-bk-10327-BB |
| | Case No. 2:08-bk-10339-BB |
| | Case No. 2:08-bk-10304-BB |
| | Case No. 2:08-bk-10312-BB |
| | Case No. 2:08-bk-10340-BB |
| | Case No. 2:08-bk-10297-BB |
| | Case No. 2:08-bk-10329-BB |
| | Case No. 2:08-bk-10319-BB |
| | Case No. 2:08-bk-10326-BB |
| | Case No. 2:08-bk-10332-BB |
| | Case No. 2:08-bk-10336-BB |
| | Case No. 2:08-bk-10314-BB |
| | Case No. 2:08-bk-10317-BB |
| | Case No. 2:08-bk-10333-BB |
| | Case No. 2:08-bk-10291-BB |
| | Case No. 2:08-bk-10338-BB |
| | Case No. 2:08-bk-10280-BB |
| | Case No. 2:08-bk-10305-BB |
| | Case No. 2:08-bk-10335-BB |
| | Case No. 2:08-bk-10321-BB |
| | Case No. 2:08-bk-10285-BB |
| | Case No. 2:08-bk-10320-BB |
| | Case No. 2:08-bk-10306-BB |
| | Case No. 2:08-bk-10311-BB |
| | Case No. 2:08-bk-10301-BB |
| | Case No. 2:08-bk-10298-BB |
| | Case No. 2:08-bk-10341-BB |
| | Case No. 2:08-bk-10331-BB |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DAL\LIT\526509.1]

|   |   |
|---|---|
|   | Case No. 2:08-bk-10325-BB<br>Case No. 2:08-bk-10290-BB<br><br>**CHAPTER 7 TRUSTEE'S APPLICATION FOR AUTHORITY TO EMPLOY D&H CREDIT SERVICES, INC./OVERPAID PAYABLES RECOVERY, INC. AS SPECIAL COLLECTIONS AGENT; DECLARATION OF HAL SCHAEFFER IN SUPPORT THEREOF**<br><br>DATE:  x x, 2009<br>TIME:  x:00 x.m.<br>PLACE: Courtroom "1475" |
| In re<br><br>Diversity MSP, Inc.,<br><br>　　　　Debtor. | Case No. 2:08-bk-10376-BB<br><br>Chapter 7<br><br>Jointly Administered With Case:<br><br>Case No. 2:08-bk-10277-BB<br><br>Substantively Consolidated With Cases:<br><br>Case No. 2:08-bk-10372-BB<br>Case No. 2:08-bk-10316-BB<br>Case No. 2:08-bk-10373-BB<br>Case No. 2:08-bk-10375-BB |
| ☒  Affects Both Debtors |   |
| ☐  Affects Axium International, Inc. | 2:08-bk-10277-BB |
| ☐  Affects Diversity MSP, Inc. | 2:08-bk-10376-BB |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND INTERESTED PARTIES:**

　　　　Howard M. Ehrenberg, the duly appointed, qualified and acting Chapter 7 Trustee ("Applicant" or the "Trustee") for the estates of the debtors Axium International, Inc., Diversity MSP, Inc., AV Centurion Film, Inc., AV Global, Inc., Avalon Payroll Group,

Inc., Avalon Production Accounting, Inc., Avalon Visual Corp., Avalon Worldwide, Inc., Avalon Film Services, Inc., Avalon Hollywood Services, Inc., AX Centurion Film, Inc., AX Global, Inc., Axi Cash, Inc., AXICO, Inc., Axium ATB, Inc., Axium Bond Corp., Axium Cinema, Inc., Axium Entertainment, Inc., Axium Film Corp., Axium Holdings, Inc., Axium Hollywood Services, Inc., Axium Payroll Group, Inc., Axium Payroll Services, Inc., Axium SC, LLC, Axium Visual Corp., Axium Worldwide, Inc., Centurion Cinema, Inc., Diversity Internal, Inc., ECG Minn RE, LLC, Global Enterprises, Inc., Global Music, Inc., Global Worksource, Inc., PAV Film Services, Inc., Talent VMS, Inc., PAX Film Services, Inc., Ensemble Chimes Servicing, Inc., and Ensemble Chimes Global Puerto Rico, Ltd., as jointly administered and substantively consolidated (collectively, the "Debtors"), hereby applies (the "Application") for an order of this Court authorizing the employment of D&H Credit Services, Inc./Overpaid Payables Recovery, Inc. as his special collections agent, and represents as follows:

      1.      On or about January 8, 2008 and January 9, 2008 (collectively, the "Petition Dates"), voluntary petitions for relief under Chapter 7 of title 11 of the United States Code were filed by the Debtors.[1] Subsequently, Howard M. Ehrenberg became the duly appointed, qualified and acting Chapter 7 Trustee for the Debtors' estates (collectively, the "Estates"), and he continues to act in this capacity.

      2.      Applicant wishes to employ D&H Credit Services, Inc./Overpaid Payables Recovery, Inc. ("D&H/OPR") as his special collections agent. In accordance with Applicant's instructions and in accordance with the separate written retention agreement by and between D&H/OPR and the Trustee, D&H/OPR will provide a recovery audit of the Debtors' accounts payable, sales and use tax, and telecommunications transactions for the purposes of identifying and recovering overpayments made in the four years prior to the Petition Dates.

---

[1] On January 15, 2008, the Court granted the motions of six additional related debtors for voluntary dismissal of their respective chapter 7 case.

3.  The scope of the recovery project will include the identification and recovery of overpayments, duplicate payments, calculation errors, overlooked discounts, vendor credits, purchase order to invoice variances, sales tax computation errors, sales tax payment errors made to governmental agencies whether state, city or county for sales and/or use tax, and sales tax errors/payments on tax-exempt purchases. Sales tax shall include sales taxes paid directly to a vendor or to governmental agencies whether state, city or county. The scope of the recovery project will also include the identification and recovery from client's telecommunications provider(s) overpayments, duplicate payments, calculation errors, overlooked discounts, vendor credits, contract order to invoice variances, sales and property tax computation errors and telecom equipment returned or never received. Applicant requires the assistance of D&H/OPR to undertake such actions as may be appropriate or necessary in connection with the recovery of any monies owed to the Estates.

4.  Applicant proposes, upon the granting of this Application, to employ D&H/OPR as his special collections agent. As shown by the attached resume, which is attached hereto and incorporated herein as <u>Exhibit 1</u>, D&H/OPR is expert in providing advice and services with respect to the recovery of these specified accounts and transactions. D&H/OPR has experience in representing parties in similar matters. Applicant proposes to compensate D&H/OPR, subject to Bankruptcy Court approval, as follows: D&H/OPR shall be compensated strictly and solely on a contingency basis upon recovery. The fee shall be an amount equal to fifty percent (50%) of any refunds recovered including interest. In the event no refund is obtained, no fee will be due. In addition, D&H/OPR shall be authorized to settle any claim for duplicate or overpayments for eighty percent (80%) of the face amount of the claim without further approval by the Court or Applicant, any settlement for less than 80% of the face amount of the claim shall require Applicant's prior written approval. All payments for recoveries shall be made to D&H/OPR and a net check shall be sent at the end of each month to Applicant together with a full accounting.

5.  D&H/OPR understands and agrees to accept employment on the grounds set forth herein. D&H/OPR is generally familiar with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, and will comply with them.

6.  D&H/OPR has not been paid a monetary retainer.

7.  Applicant seeks to employ D&H/OPR as his special collections agent pursuant to 11 U.S.C. § 327(a). In this regard, D&H/OPR has disclosed to Applicant that it has not represented and is not representing a person or entity with an adverse interest to the Debtors' pending chapter 7 estates. Section 327(c) provides that "a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States Trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest." Neither Applicant nor D&H/OPR (as set forth in the attached declaration of Hal Schaeffer) believe any conflict of interest exists.

8.  Applicant is satisfied from the attached Declaration of Hal Schaeffer that the employment of D&H/OPR as special collections agent would be in the best interest of the Estates.

9.  Pursuant to Local Bankruptcy Rule 2014-1(b)(2), the proposed employment of D&H/OPR has been noticed to all parties in interest. A copy of said notice is attached hereto and incorporated herein as Exhibit 2.

WHEREFORE, Applicant respectfully requests that an order be entered authorizing, pursuant to 11 U.S.C. §328 and in accordance with Fed. R. Bankr. P. 2014(a) and Loc. Bankr. R. 2014-1(b) (1), the employment of D&H/OPR on the terms stated herein, effective as of the date services were first rendered.

DATED: June 9, 2009

/s/ Howard M. Ehrenberg
Howard M. Ehrenberg
Chapter 7 Trustee

**APPROVED AS TO FORM AND CONTENT:**

D&H Credit Services, Inc. /Overpaid Payables Recovery, Inc.

By /s/ Hal Schaeffer
Hal Schaeffer
For D&H Credit Services, Inc.

/s/ Allen M. Liebnick
Allen M. Liebnick, President
For Overpaid Payables Recovery, Inc.

[DAL\LIT\526509.1]                                    6

## DECLARATION OF HAL SCHAEFFER and Allen M. Liebnick

I, Hal Schaeffer, declare and state as follows:

I am an officer of D&H Credit Services, Inc., proposed special collections agent for Howard M. Ehrenberg, the duly appointed, qualified and acting Chapter 7 Trustee ("Applicant" or the "Trustee") for the Debtors' estates as described herein

I Allen M. Liebnick declare and state as follows:

I am an officer of Overpaid Payables Recovery, Inc. (OPR"), proposed special collections agent for Howard M. Ehrenberg, the duly appointed, qualified and acting Chapter 7 Trustee ("Applicant" or the "Trustee") for the Debtors' estates as described herein.

1. We make this Declaration in support of the Chapter 7 Trustee's Application for Authority to Employ D&H Credit Services, Inc. /Overpaid Payables Recovery, Inc. as Special Collections Agent; Declaration of Hal Schaeffer and Allen M. Liebnick in Support Thereof (the "Application") pursuant to which the Trustee seeks to employ D&H/OPR as his special collection agent in these cases. We have personal knowledge of the facts stated in this Declaration, and if called to testify, could and would, without waiver of any applicable privilege, testify that the facts stated in this Declaration are true and correct to the best of my knowledge and information.

2. We are employed by D&H/OPR and are one of the parties that will be primarily responsible for the representation of the Trustee in these cases. We are authorized to make this declaration on behalf of D&H/OPR in support of this Application.

3. Applicant is seeking to retain D&H/OPR by the foregoing Application. The employment of D&H/OPR as special collections agent is being sought by the Trustee in each of the Debtors' cases.

4. D&H/OPR, and its employees, are experienced in matters involving the audit and recovery of overpayments, duplicate payments, calculation

errors, overlooked discounts, and credits with respect to payables, taxes and telecommunications transactions. D&H/OPR and its employees are therefore well qualified to provide advice and representation to Applicant in these bankruptcy proceedings. Except as otherwise set forth below, to our knowledge and information, neither we, D&H/OPR, nor its officers, directors, or employees represent or have any connection with the Debtors, any creditor or other party in interest in these cases, their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee.

5. Immediately prior to executing this Declaration, we directed an updated conflicts check to be performed to determine whether D&H/OPR represents a party holding a claim against the Debtors. As a result of our conflicts check, we determined that D&H/OPR does not represent, and is not presently representing, any party with any connection to the Debtors' chapter 7 cases. To the best of our knowledge and information, there is no actual conflict of interest that would disqualify D&H/OPR from being employed on the terms and conditions set forth herein.

6. Neither we, D&H/OPR, nor its officers, directors, or employees have any interest adverse to the Debtors or their estates. Neither we, D&H/OPR, nor its officers, directors, or employees have any pre-petition claim against the Debtors or their Estates.

7. Neither we, D&H/OPR, nor its officers, directors, or employees have any future intent to represent any related debtors or principals of the Debtors.

8. D&H/OPR has no connections with the Debtors, other than those disclosed herein.

9. D&H/OPR is not and was not an equity security holder or an insider of the Debtors.

10. D&H/OPR is not and was not, at any time, an investment banker for any security of the Debtors, or an attorney for any security of the Debtors.

11. D&H/OPR has no interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, for any reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker for any security of the Debtors, or for any other reason.

12. To the best of our knowledge and information, no officer, director or employee of D&H/OPR is a relative or employee of the United States Trustee or a United States Bankruptcy Judge.

13. D&H/OPR has received no retainer or other form of compensation.

14. A copy of the resume of D&H/OPR is attached as Exhibit 1 hereto.

15. Notice of this Application has been concurrently provided to the Debtors and their attorneys of record, all known secured and unsecured creditors, all parties requesting special notice, and the Office of the United States Trustee. A true and correct copy of the Notice is attached hereto as Exhibit 2, and incorporated herein by this reference.

We declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this _8_ day of June, 2009, at Newark, Delaware.

_____
Hal Schaeffer
For D & H Credit Services Inc.

_____
Allen M. Liebnick, President
For Overpaid Payables Recovery, Inc.