1 | Victor A. Sahn (CA Bar No. 97299)
    vsahn@sulmeyerlaw.com
2 | Daniel A. Lev (CA Bar No. 129622)
    dlev@sulmeyerlaw.com
3 | Steven F. Werth (CA Bar No. 205434)
    swerth@sulmeyerlaw.com
4 | **Sulmeyer**Kupetz
    A Professional Corporation
5 | 333 South Hope Street, Thirty-Fifth Floor
    Los Angeles, California 90071-1406
6 | Telephone: 213.626.2311
    Facsimile: 213.629.4520
7 |
  | Attorneys for Howard M. Ehrenberg, Chapter 7 Trustee
8 |

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| 11 | In re | Case No. 2:08-bk-10277-BB |
| 12 | Axium International, Inc., | Chapter 7 |
| 13 | Debtor. | Jointly Administered With Case: |
| 14 | | Case No. 2:08-bk-10376-BB |
| 15 | | Substantively Consolidated With Cases: |
| 16 | | Case No. 2:08-bk-10294-BB |
|    | | Case No. 2:08-bk-10327-BB |
| 17 | | Case No. 2:08-bk-10339-BB |
|    | | Case No. 2:08-bk-10304-BB |
| 18 | | Case No. 2:08-bk-10312-BB |
|    | | Case No. 2:08-bk-10340-BB |
| 19 | | Case No. 2:08-bk-10297-BB |
|    | | Case No. 2:08-bk-10329-BB |
| 20 | | Case No. 2:08-bk-10319-BB |
|    | | Case No. 2:08-bk-10326-BB |
| 21 | | Case No. 2:08-bk-10332-BB |
|    | | Case No. 2:08-bk-10336-BB |
| 22 | | Case No. 2:08-bk-10314-BB |
|    | | Case No. 2:08-bk-10317-BB |
| 23 | | Case No. 2:08-bk-10333-BB |
|    | | Case No. 2:08-bk-10291-BB |
| 24 | | Case No. 2:08-bk-10338-BB |
|    | | Case No. 2:08-bk-10280-BB |
| 25 | | Case No. 2:08-bk-10305-BB |
|    | | Case No. 2:08-bk-10335-BB |
| 26 | | Case No. 2:08-bk-10321-BB |
|    | | Case No. 2:08-bk-10285-BB |
| 27 | | Case No. 2:08-bk-10320-BB |
|    | | Case No. 2:08-bk-10306-BB |
| 28 | | Case No. 2:08-bk-10311-BB |

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DAL\LIT\526182.1]

**SulmeyerKupetz,** A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

| | |
|---|---|
| | Case No. 2:08-bk-10301-BB |
| | Case No. 2:08-bk-10298-BB |
| | Case No. 2:08-bk-10341-BB |
| | Case No. 2:08-bk-10331-BB |
| | Case No. 2:08-bk-10325-BB |
| | Case No. 2:08-bk-10290-BB |

**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING SETTLEMENT OF CERTAIN AVOIDANCE POWER CLAIMS WITHOUT FURTHER HEARING OR NOTICE PURSUANT TO RULE 9019(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF HOWARD M. EHRENBERG IN SUPPORT THEREOF**

DATE:       October 6, 2009
TIME:       2:00 p.m.
PLACE:    Courtroom "1475"

---

In re

Diversity MSP, Inc.,

                    Debtor.

Case No. 2:08-bk-10376-BB

Chapter 7

Jointly Administered With Case:

Case No. 2:08-bk-10277-BB

Substantively Consolidated With Cases:

Case No. 2:08-bk-10372-BB
Case No. 2:08-bk-10316-BB
Case No. 2:08-bk-10373-BB
Case No. 2:08-bk-10375-BB

---

| | | |
|---|---|---|
| ☒ | Affects Both Debtors | |
| ☐ | Affects Axium International, Inc. | 2:08-bk-10277-BB |
| ☐ | Affects Diversity MSP, Inc. | 2:08-bk-10376-BB |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE,**

2  **THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES ENTITLED TO**

3  **NOTICE:**

4          Through this motion, Howard M. Ehrenberg, the duly appointed, qualified

5  and acting Chapter 7 Trustee (the "Trustee") for the estates of the debtors Axium

6  International, Inc., AV Centurion Film, Inc., AV Global, Inc., Avalon Payroll Group, Inc.,

7  Avalon Production Accounting, Inc., Avalon Visual Corp., Avalon Worldwide, Inc., Avalon

8  Film Services, Inc., Avalon Hollywood Services, Inc., AX Centurion Film, Inc., AX Global,

9  Inc., Axi Cash, Inc., AXICO, Inc., Axium ATB, Inc., Axium Bond Corp., Axium Cinema,

10  Inc., Axium Entertainment, Inc., Axium Film Corp., Axium Holdings, Inc., Axium

11  Hollywood Services, Inc., Axium Payroll Group, Inc., Axium Payroll Services, Inc., Axium

12  SC, LLC, Axium Visual Corp., Axium Worldwide, Inc., Centurion Cinema, Inc., ECG Minn

13  RE, LLC, Global Enterprises, Inc., Global Music, Inc., Global Worksource, Inc., PAV Film

14  Services, Inc., Talent VMS, Inc., PAX Film Services, Inc., Diversity MSP, Inc. dba ECG

15  dba Ensemble Chimes Global, Diversity Internal, Inc., Ensemble Chimes Servicing, Inc.,

16  and Ensemble Chimes Global Puerto Rico, Ltd., as substantively consolidated and jointly

17  administered, (collectively, the "Debtors"), hereby seeks an order, pursuant to Rule

18  9019(b) of the Federal Rules of Civil Procedure, authorizing him in his sole and exclusive

19  capacity as trustee, to settle, at his discretion and within the exercise of his business

20  judgment, any claims and causes of action of the estates arising under 11 U.S.C. §§ 544

21  through 550, including any related avoidance claims and causes of action under state

22  and federal law (collectively, the "Avoidance Power Claims"), as follows:  (i) authorizing

23  the Trustee, to settle any Avoidance Power Claims of $50,000.00 or less in gross

24  aggregate amount; (ii) authorizing the Trustee to settle Avoidance Power Claims of

25  $50,001.00 or more in gross aggregate amount, provided that the proposed settlements

26  result in a payment to these bankruptcy estates in an amount which is at least fifty

27  percent (50%) of the net Avoidance Power Claims liability as computed by the Trustee's

28  attorneys and accountants, after taking into account prospective defenses to Avoidance

1  Power Claims including, but not limited to, new value and ordinary course of business

2  defenses; and (iii) for all other proposed settlements, authorizing the Trustee to settle any

3  Avoidance Power Claims provided that the proposed settlement is noticed to all creditors

4  and parties in interest who have requested special notice under Rule 2002 of the Federal

5  Rules of Bankruptcy Procedure, and provided such creditors and parties in interest are

6  afforded an opportunity to object and request a hearing in accordance with the Local

7  Bankruptcy Rules.

8          This Motion is based on the separately filed Notice of Motion, the attached

9  memorandum of points and authorities and declaration of Howard M. Ehrenberg

10  submitted in support thereof, the files and pleadings in the Debtors' cases, all judicially

11  noticeable facts, and the arguments and testimony to be presented at the hearing on the

12  Motion.

13          WHEREFORE the Trustee respectfully requests that the Court enter an

14  order:

15          (1)    granting this Motion;

16          (2)    authorizing the Trustee, to settle, at his discretion and within the

17  exercise of his business judgment, and without any further notice or court orders, any

18  claims and causes of action of the estates arising under 11 U.S.C. §§ 544 through 550,

19  including any related avoidance claims and causes of action under state and federal law,

20  in which the proposed settlements relate to Avoidance Power Claims of $50,000.00 or

21  less in gross aggregate amount;

22          (3)    authorizing the Trustee to settle, at his discretion and within the

23  exercise of his business judgment, and without further notice or court orders, any claims

24  and causes of action of the estates arising under 11 U.S.C. §§ 544 through 550, including

25  any related avoidance claims and causes of action under state and federal law, in which

26  the proposed settlements relate to Avoidance Power Claims of greater than $50,000.00

27  in gross aggregate amount, provided that the proposed settlements result in a payment to

28  these bankruptcy estates in an amount which is at least fifty percent (50%) of the net

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1 | Avoidance Power Claims liability as computed by the Trustee's attorneys and

2 | accountants, after taking into account prospective defenses to Avoidance Power Claims

3 | including, but not limited to, new value and ordinary course of business defenses;

4 | (4)    for all other proposed settlements, authorizing the Trustee to settle,

5 | at his discretion and within the exercise of his business judgment, any claims and causes

6 | of action of the estates arising under 11 U.S.C. §§ 544 through 550, including any related

7 | avoidance claims and causes of action under state and federal law, provided that the

8 | proposed settlement is noticed to all creditors and parties in interest who have requested

9 | special notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure, and such

10 | creditors and parties in interest are afforded an opportunity to object and request a

11 | hearing in accordance with the Local Bankruptcy Rules; and

12 | (5)    granting such other and further relief as this Court deems just and

13 | proper under the circumstances.

14 | DATED: September 9, 2009          **Sulmeyer**Kupetz
A Professional Corporation

15

16

17 | By:

18 | Daniel A. Lev
Attorneys for Howard M. Ehrenberg, Chapter 7
Trustee

19

20

21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DAL\LIT\526182.1]

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

I.

3

## INTRODUCTION

4    During the course of the administration of the Debtors' estates, the Trustee,

5   together with his employed accountants, identified thousands of transfers within the

6   ninety day period prior to the petition dates to in excess of 1,500 non-insider, third parties

7   which may be avoidable and recoverable under Sections 544 through 550 of the

8   Bankruptcy Code.  As a result of the Trustee's analysis and investigation, the Trustee has

9   sent out demand letters to the majority of these third parties.  While the Trustee is

10  confident that the greater part of these demands will be amicably resolved, the Trustee

11  anticipates that he may pursue hundreds of avoidance actions in these bankruptcy cases.

12  In an effort to reduce the fees and expenses which will result from the pursuit of the

13  avoidance power claims, and in an effort to provide for a more efficient and expeditious

14  administration of these estates, the Trustee believes that the proposed omnibus

15  settlement procedure sought herein is appropriate and within the discretion of the Court

16  to approve.

17

II.

18

## BACKGROUND FACTS

19    The Motion is brought by the Trustee, who, as noted, is the duly appointed,

20  qualified and acting Chapter 7 Trustee for the Debtors' estates.  The Debtors

21  commenced separate voluntary petitions for relief on or about January 8 and 9, 2008.[1]

22  The Debtors were, prior to their filings, engaged in two separate business enterprises.

23  The "Axium Group Debtors" were one of three major companies that processed payrolls

24  for and provided related services to production companies, studios, trade unions and

25  other entertainment-industry clients.  The "ECG Group Debtors" were, at one time, one of

26  _____

27    [1] On January 15, 2008, the Court granted the motions of six additional related debtors for voluntary
    dismissal of their respective chapter 7 cases.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1 the leading providers of human capital and services procurement solutions primarily to

2 Fortune 1000 and smaller, middle-market companies. At the outset of his administration,

3 the Trustee obtained orders authorizing the joint administration of the estates. However,

4 on March 30, 2009, the Court entered its "Order, After Hearing, Granting Motion for Order

5 Authorizing (1) Substantive Consolidation of the Axium Entities and (2) Substantive

6 Consolidation of the Ensemble Chimes Entities" (the "March 30, 2009 Order"), pursuant

7 to which the Court approved the separate substantive consolidation of the Axium Group

8 Debtors and the separate substantive consolidation of the ECG Group Debtors. It is from

9 these separately substantively consolidated estates that the potential avoidance power

10 claims arise.

11                                                    III.

12                            **SUMMARY OF PROPOSED RELIEF**

13            The Trustee seeks an order, in accordance with Rule 9019(b) of the

14 Federal Rules of Bankruptcy Procedure, authorizing him, to settle, at his discretion and

15 within the exercise of his business judgment, and without further notice or court orders,

16 any claims and causes of action of the estates arising under 11 U.S.C. §§ 544 through

17 550, including any related avoidance claims and causes of action under state and federal

18 law (collectively, the "Avoidance Power Claims"), in which the aggregate gross amount of

19 the Avoidance Power Claims is $50,000.00 or less.

20            The Trustee additionally seeks authorization to settle, at his discretion and

21 within the exercise of his business judgment, and without further notice or court orders,

22 any Avoidance Power Claims in which the gross aggregate amount of the potential

23 Avoidance Power Claims is greater than $50,000.00, provided that the proposed

24 settlements result in a payment to these bankruptcy estates in an amount which is at

25 least fifty percent (50%) of the potential liability, after taking into account all available

26 defenses including , without limitation, prospective new value and ordinary course of

27 business defenses, as computed by the Trustee's attorneys and accountants.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    The Trustee additionally seeks authorization to settle, at his discretion and

2 within the exercise of his business judgment, any Avoidance Power Claim which does not

3 fit into either of the above two categories, provided that the following notice procedures

4 are followed:

5        Notice Procedures:

6        1.    The Trustee will provide written notice (the "Notice") of the settlement

7 to all creditors and parties in interest who have requested special notice under Rule 2002

8 of the Federal Rules of Bankruptcy Procedure ("Notice Party" or collectively, "Notice

9 Parties").

10        2.    Any Notice as may be required shall include the following

11 information:

12            (i)    The name of the party and the face amount of the Avoidance

13            Power Claims;

14            (ii)    The terms of the compromise of the Avoidance

15            Power Claims; and

16            (iii)    The reason for the compromise of the Avoidance Power

17            Claims.

18        3.    Unless a Notice Party files with the Court and serves upon the

19 Trustee's counsel an objection to the proposed compromise within fifteen (15) days of

20 service of the notice of proposed settlement, the Trustee shall be free to consummate the

21 compromise without necessity of further notice or order of the Court.

22        4.    If an objection is timely filed by any party, a hearing on the proposed

23 compromise must be scheduled by the objecting party and notice of the hearing must be

24 served on the Trustee's counsel, the Office of the United States Trustee, and each Notice

25 Party.

26        The Trustee proposes that all such settlements be effectuated on terms

27 substantially similar to the terms contained in the "form" Settlement Agreement and

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  Mutual Release, a true and correct copy of which is attached hereto as Exhibit "A" and

2  incorporated herein by reference.

3                                   **IV.**

4                              **ARGUMENT**

5      **A.    The Legal Standard For Approving A Compromise Of Controversy**

6              One of the duties of a trustee in a chapter 7 case is to "collect and reduce to

7  money the property of the estate for which such trustee serves, and close such estate as

8  expeditiously as is compatible with the best interests of parties in interest."  11 U.S.C. §

9  704(a).  Compromise is favored over continued litigation.  See In re A&C Properties, 784

10  F.2d 1377, 1381 (9th Cir. 1986), cert. denied, 479 U.S. 854, 107 S. Ct. 189, 93 L. Ed. 2d

11  122 (1986).  The Federal Rules of Bankruptcy Procedure require court approval of

12  compromises and settlements.  The default rule in such cases is that court approval is

13  only to be given after notice and a hearing.  More specifically, Rule 9019(a) of the

14  Federal Rules of Bankruptcy Procedure states as follows with respect to motions brought

15  by trustees to approve compromises of controversies:

16              On motion by the trustee and after notice and a hearing, the

17              court may approve a compromise or settlement.  Notice shall

18              be given to creditors, the United States trustee, the debtor,

19              and indenture trustees as provided in Rule 2002 and to any

20              other entity as the court may direct.

21  Fed. R. Bankr. P. 9019(a).

22              However, Rule 9019(b) provides a mechanism to "pre-approve" settlements

23  of claims that might be too numerous for efficient administration under the requirements

24  of Rule 9019(a).  Rule 9019(b) provides that,

25              After a hearing on such notice as the court may direct, the

26              court may fix a class or classes of controversies and

27              authorize the trustee to compromise or settle controversies

28              within such class or classes without further hearing or notice.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1 | Fed. R. Bankr. P. 9019(b).

2 |     The subsection "permits the court to deal efficiently with a case in which

3 | there may be a large number of settlements." Fed. R. Bankr. P. 9019 Advisory

4 | Committee Note (1983). These cases clearly meet the latter definition and the

5 | appropriateness of invoking Rule 9019(b) is not in question. See In re Check Reporting

6 | Services, Inc., 137 B.R. 653 (Bankr. W. D. Mich. 1992) (Rule 9019(b) is used to minimize

7 | expenditures of court time where large preference portfolios need to be litigated and

8 | resolved).

9 |     Generally, a compromise should be approved if it is "fair and equitable" and

10 | in "the best interests of the estate". Protective Committee for Indep. Stockholders of TMT

11 | Trailer Ferry v. Anderson, 390 U.S. 414, 424, 88 S. Ct. 1157, 1163, 20 L. Ed. 2d 1

12 | (1968). Specifically, in evaluating whether to approve a compromise, courts in the Ninth

13 | Circuit must consider the following:

14 |     (a)    The probability of success in litigation;

15 |     (b)    the difficulties, if any, to be encountered in the matter of collection;

16 |     (c)    the complexity of the litigation involved and the expense;

17 |     inconvenience and delay necessarily attending it; and

18 |     (d)    the paramount interest of the creditors and a proper deference to

19 |     their reasonable views.

20 | A&C Properties, 784 F.2d at 1381.

21 |     In determining whether to resolve any of the Avoidance Power Claims, the

22 | Trustee will, at all times, be guided by the foregoing standards for settlements, also

23 | understanding that the estates will benefit from a procedural mechanism that will

24 | streamline the process and reduce the administrative burden on the estates and the

25 | Court.

26 |

27 |

28 |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**B.**    **Rule 9019(b) Should Be Applied To Efficiently Settle Avoidance Power Claims**

Here, the Trustee seeks the relief in the Motion for both efficiency and strategic reasons.  Regarding Avoidance Power Claims involving amounts of $50,000.00 or less, the Trustee and his counsel are actively involved in settling in excess of 400 such potential claims.  There are more than 500 Avoidance Power Claims the Trustee has identified which involve transfers in a gross aggregate amount in excess of $50,000.00.  The attorney time, and court time, necessary to review settlements of these claims will be substantial - while the benefit of the Court's review of most, if not all, of these settlements likely will be marginal.  Rule 9019(b) appears to have been created specifically to address, and remedy, this concern through its expedited, extrajudicial procedures.

Second, noticing settlements for hearing likely will impact the Trustee's settlement negotiations of later-resolved avoidance actions.  Providing avoidance action defendants with an easily accessed database (through PACER or review of the clerk's files) of prior avoidance settlements will result in prospective defendants being able to compare, and request explanations of, prior settlements (especially those with lower percentage recoveries).  While this access may be of some benefit to potential avoidance action defendants, it likely will not inure to the benefit of the estates.  While this may not be the concern that facilitated the adoption of Rule 9019(b), it likely is a meaningful unintended benefit of its application.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1

**V.**

2

**CONCLUSION**

3          Based on the foregoing, the Trustee respectfully requests that the Court

4   grant the Motion in its entirety, and for such other and further relief as the Court deems

5   just and proper.

6   DATED: September 9, 2009          **Sulmeyer**Kupetz
                                       A Professional Corporation

7

8

9                                      By: _____

10                                         Daniel A. Lev
                                           Attorneys for Howard M. Ehrenberg, Chapter 7
                                           Trustee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

## DECLARATION OF HOWARD M. EHRENBERG

I, Howard M. Ehrenberg, hereby declare:

1.     I am an attorney at law, duly qualified and licensed to practice before this federal district court.  I am a member of **Sulmeyer**Kupetz, A Professional Corporation ("Sulmeyer" or "the Firm") and am the duly appointed, qualified, and acting Chapter 7 Trustee for the estates of the debtors Axium International, Inc., AV Centurion Film, Inc., AV Global, Inc., Avalon Payroll Group, Inc., Avalon Production Accounting, Inc., Avalon Visual Corp., Avalon Worldwide, Inc., Avalon Film Services, Inc., Avalon Hollywood Services, Inc., AX Centurion Film, Inc., AX Global, Inc., Axi Cash, Inc., AXICO, Inc., Axium ATB, Inc., Axium Bond Corp., Axium Cinema, Inc., Axium Entertainment, Inc., Axium Film Corp., Axium Holdings, Inc., Axium Hollywood Services, Inc., Axium Payroll Group, Inc., Axium Payroll Services, Inc., Axium SC, LLC, Axium Visual Corp., Axium Worldwide, Inc., Centurion Cinema, Inc., ECG Minn RE, LLC, Global Enterprises, Inc., Global Music, Inc., Global Worksource, Inc., PAV Film Services, Inc., Talent VMS, Inc., PAX Film Services, Inc. Diversity MSP, Inc. dba ECG dba Ensemble Chimes Global, Diversity Internal, Inc., Ensemble Chimes Servicing, Inc., and Ensemble Chimes Global Puerto Rico, Ltd., as substantively consolidated and jointly administered, (collectively, the "Debtors").  I have personal knowledge of the facts stated in this Declaration, and if called to testify, could and would, without waiver of any applicable privilege, testify that the facts stated in this Declaration are true and correct to the best of my knowledge and information.

2.     The Debtors commenced separate voluntary petitions for relief on or about January 8 and 9, 2008.[2]  Since my appointment, I learned that the Debtors were, prior to their filings, engaged in two separate business enterprises.  The "Axium Group Debtors" were one of three major companies that processed payrolls for and provided

---

[2] On January 15, 2008, the Court granted the motions of six additional related debtors for voluntary dismissal of their respective chapter 7 case.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    related services to production companies, studios, trade unions and other entertainment-

2    industry clients.  The "ECG Group Debtors" were, at one time, one of the leading

3    providers of human capital and services procurement solutions primarily to Fortune 1000

4    and smaller, middle-market companies.  At the outset of my administration, I caused to

5    be sought and obtained orders authorizing the joint administration of these estates.  In

6    addition, I later sought and obtained an order pursuant to which the Court approved the

7    separate substantive consolidation of the Axium Group Debtors and the separate

8    substantive consolidation of the ECG Group Debtors.  It is from these separately

9    substantively consolidated estates that the potential avoidance power claims arise.

10           3.          Since my appointment, I have, together with my employed

11    accountants and attorneys, identified thousands of transfers within the ninety day period

12    prior to the petition dates to in excess of 1,500 non-insider, third parties which may be

13    avoidable and recoverable under Sections 544 through 550 of the Bankruptcy Code.  As

14    a result of my analysis and investigation, and the analysis and investigation performed on

15    my behalf, in early May 2009 I caused to be sent out in excess of 1,400 demand letters to

16    these third parties.  While I am confident that the greater part of these demands will be

17    amicably resolved, I anticipate that I may be forced to pursue hundreds of avoidance

18    actions in these bankruptcy cases.  In an effort to reduce the fees and expenses which

19    will result from the pursuit of the avoidance power claims, and in an effort to provide for a

20    more efficient and expeditious administration of these estates, I believe that the relief

21    sought herein is appropriate and within the discretion of the Court to approve.

22           4.          Through the Motion, I am only seeking authority to settle those

23    avoidance power claims in which the gross aggregate amount at issue is $50,000.00 or

24    less, as well as claims in a greater amount provided that the proposed settlements result

25    in a payment to these bankruptcy estates in an amount which is at least 50% of the net

26    avoidance power liability, after taking into account all available defenses, including,

27    without limitation, prospective new value and ordinary course of business defenses, as

28    computed by my employed professionals.  I further propose that all such settlements be

1   effectuated on terms substantially similar to the terms contained in the "form" Settlement

2   Agreement and Mutual Release, a true and correct copy of which is attached hereto as

3   Exhibit "A" and incorporated herein by reference.

4        5.    I am seeking the relief in the Motion for both efficiency and strategic

5   reasons.  First, the attorney time, and court time, necessary to review settlements of

6   these claims will be substantial - while the benefit of the Court's review of most, if not all,

7   of these settlements likely will be marginal.

8        6.    Second, noticing five-figure settlement for hearing likely will impact

9   the negotiations of later-resolved avoidance actions.  Providing avoidance action

10  defendants with an easily accessed database (through PACER or review of the clerk's

11  files) of prior five-figure avoidance settlements will result in prospective defendants being

12  able to compare, and request explanations of, prior settlements (especially those with

13  lower percentage recoveries).  While this access may be of some benefit to potential

14  avoidance action defendants, it likely will not inure to the benefit of these estates.

15       I declare under penalty of perjury under the laws of the United States of

16  America that the foregoing is true and correct.

17       Executed this 10 day of September, 2009, at Los Angeles, California.

18

19                                        _____

20                                        Howard M. Ehrenberg

21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

# EXHIBIT A

<div align="center">

**SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE**

</div>

This SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE (the "**AGREEMENT**") is entered into as of [month] ___, 200[_], by and between Howard M. Ehrenberg, in his sole and exclusive capacity as the duly appointed, qualified and acting chapter 7 trustee (the "**TRUSTEE**") for the separately substantively consolidated and jointly administered estates (the "**ESTATES**") of Axium International, Inc. and Diversity MSP, Inc., and their respective related entities (collectively, the "**AXIUM GROUP**"), on the one side, and _____ (the "**COMPANY**"), on the other side, as follows:

<div align="center">

**I.**
**RECITALS**

</div>

**A.**      Voluntary petitions for relief under title 11 of the United States Code (the "**BANKRUPTCY CODE**") were filed by the **AXIUM GROUP** on or about January 8 and 9, 2008 (the "**PETITION DATES**").

**B.**      Howard M. Ehrenberg, is the duly appointed, qualified and acting Chapter 7 Trustee of the **ESTATES** created in the instant Chapter 7 bankruptcy cases pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California (the "**BANKRUPTCY COURT**"), which is styled In re Axium International, Inc. and Diversity MSP, Inc. and Related Entities, bearing Case Nos. LA 08-10277-BB and LA 08-10376-BB (the "**BANKRUPTCY CASES**").

**C.**      On or about May 5, 2009, the **TRUSTEE** sent a demand letter seeking to recover alleged preferential transfers under applicable provisions of the **BANKRUPTCY CODE** in the alleged amount of $_____ (the "**TRANSFERS**").

**D.**      **COMPANY** denies that the **TRUSTEE** is entitled to recover the **TRANSFERS**.

**E.**      The parties now desire to resolve the **TRUSTEE'S** claims against **COMPANY** (the "**AVOIDANCE POWER CLAIMS**") to avoid the uncertainty, costs and expenses associated with adjudication of the **AVOIDANCE POWER CLAIMS**.

<div align="center">

**II.**
**PROVISIONS**

</div>

**NOW, THEREFORE**, in consideration of the foregoing Recitals and of the mutual agreements, covenants and releases set forth herein, and for other good and valuable consideration, the sufficiency and adequacy of which is acknowledged by the parties, the parties hereto agree as follows:

**1.**      **Recitals.** The recitals contained in paragraphs A through E, above (the "**RECITALS**"), are an integral part of this **AGREEMENT** and are incorporated herein by reference.

**2.**      **Rules of Construction.** The following rules of construction govern and apply to the interpretation and construction of this **AGREEMENT**:

**2.1.**    Whenever the name of the **TRUSTEE** is used, it includes all current and former agents, employees, attorneys, successors and assigns of the **TRUSTEE** and all other persons and entities for whose acts and omissions the **TRUSTEE** may be held liable.

**2.2.**    Whenever the name of **COMPANY** is used, it includes all parents, subsidiaries, related and affiliated entities, all current and former agents, employees, attorneys, officers and directors, all successors and assigns of **COMPANY** as applicable, and all other persons and entities for whose acts and omissions **COMPANY** as applicable, may be held liable.

**2.3.**    Each party acknowledges that it has participated in the drafting of this **AGREEMENT** and reviewed the terms of the **AGREEMENT** and, as such, no rule of construction shall apply in any interpretation of this **AGREEMENT** which might result in this **AGREEMENT** being construed in favor or against either of them, including without limitation, any rule of construction to the effect that ambiguities ought to be resolved against the drafting party.

**2.4.**    The underscored word or words appearing at the commencement of sections of this **AGREEMENT** are intended only as a guide and are not intended, and should not be construed, as controlling, enlarging, restricting, explaining or modifying, in any manner, the language or meaning of those sections or subsections.

**3.**    <u>Settlement.</u>  In consideration for the promises made in this **AGREEMENT**, including, without limitation, a release of the **TRUSTEE'S CLAIMS, COMPANY** shall pay the **ESTATES** the total amount of $_____ (the "**SETTLEMENT**"). The **SETTLEMENT** payment shall be due [on or before 10 business days following joint execution of this Settlement] [on or before fifteen (15) calendar days following the entry of a final order of the BANKRUPTCY COURT, or other court of competent jurisdiction, approving this AGREEMENT]. The **SETTLEMENT** payment shall be made by business or cashier's check made payable to "Howard M. Ehrenberg, Chapter 7 Trustee", and delivering said business or cashier's check to the **TRUSTEE'S** counsel of record, Steven F. Werth, Esq., **Sulmeyer**Kupetz, A Professional Corporation, 333 South Hope Street, 35ᵗʰ Floor, Los Angeles, California 90071.

**4.**    <u>No 11 U.S.C. § 502(h) Claim.</u>  In addition to the **SETTLEMENT, COMPANY** hereby acknowledges and expressly waives any claim provided by 11 U.S.C. § 502(h) that may arise in connection with the **SETTLEMENT**. The **TRUSTEE** reserves the right to object to any proof of claim (if any), or scheduled claim, that **COMPANY** may have previously filed against the **DEBTORS** and their **ESTATES**.

**5.**    <u>Mutual Release.</u>  Except for: (a) a breach of this **AGREEMENT** and claims arising by reason of such breach; (b) enforcement of rights, obligations and duties arising under this **AGREEMENT**; and (c) the satisfaction of the executory provisions of this **AGREEMENT**, in consideration for the provisions of this **AGREEMENT**, the **TRUSTEE** on the one side and **COMPANY** on the other side, do hereby fully and finally compromise and settle with, and forever release, remise, relieve, waive, relinquish and discharge each other from any and all claims, complaints, rights, manner of action or actions, cause or causes of action, suits, debts, dues, demands, obligations, charges, costs, expenses (including but not limited to attorneys' fees) sums of money, controversies, damages, accounts, agreements, covenants, contracts, judgments,

reckonings, liens and liabilities of every kind and nature whatsoever, whether at law or in equity, whether based upon statute, common law or otherwise, whether matured, contingent or non-contingent, whether direct or indirect, whether known or unknown, whether suspected or unsuspected, whether or not hidden and without regard to the subsequent discovery or existence of different or additional facts, which the **TRUSTEE** and **COMPANY** ever had, now have, or may claim to have against each other that arose or are arising out of, based on, asserted in, or in connection with any matter, cause, or thing or related to the **AVOIDANCE POWER CLAIMS** (the "**CLAIM**" or "**CLAIMS**"), any of the above now accrued or hereafter accruing.

6.     **Final Release and Bar.**  The parties hereto hereby acknowledge that it is their intention, that this **AGREEMENT** shall be effective as a full and final release of and as a bar with prejudice to each and every **CLAIM**, which the parties have or had against one another as is applicable, directly or indirectly.  In connection with such waiver and relinquishment, the parties acknowledge that they or their attorneys may hereafter discover facts different from or in addition to the facts that they now know or believe to be true with respect to the subject matter of this **AGREEMENT**, but that it is their intention to hereby fully, finally, absolutely, and forever release any and all **CLAIMS** released pursuant to Section 5, above, which now do exist, may exist or heretofore have existed between them, and that in furtherance of such intentions the release as given herein by the parties, shall be and remain in effect as a full and complete release of the **CLAIMS** released in Section 5 above, notwithstanding the discovery of any such different or additional facts.

Notwithstanding the discovery of any such additional or different facts, the parties certify that they have read Section 1542 of the California Civil Code set forth below:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The parties hereto, do hereby waive application of Section 1542 of the California Civil Code and any other statutes, common law rights, rules or the like which may operate to limit the intent of this **AGREEMENT** with respect to the **CLAIMS** released in Section 5 above. The parties understand and acknowledge the significance and consequence of this waiver of Section 1542 of the California Civil Code is that even if they should eventually suffer additional damages on account of the **CLAIMS** released in Section 5 above, they will not be permitted to make any claim for such damages.

7.     **Covenant Not to Sue.**  The **TRUSTEE** and **COMPANY** hereby covenant and agree that they will forever refrain and forbear from commencing, instituting or prosecuting any lawsuit action or other proceeding against each other, based on, arising out of, or in connection with the **CLAIMS** released in Section 5, above.  Notwithstanding the foregoing, nothing contained in this

**AGREEMENT** shall preclude the **TRUSTEE** or **COMPANY** from exercising their respective rights in the event the other party breaches any of its obligations under this **AGREEMENT**.

8.   **Denial of Liability.**  Liability for any claims that the **TRUSTEE** has asserted or may have asserted is denied by **COMPANY**.  This **AGREEMENT** is a compromise of disputed claims and shall never be construed as an admission of liability or responsibility for any purpose by either party.

9.   **Mutual Warranties and Representations.**  The **TRUSTEE** and **COMPANY** hereby represent and warrant to each other that as of the date of this **AGREEMENT**:

> 9.1   The **TRUSTEE** and **COMPANY** have each consulted with or have had the opportunity to consult with an attorney of their choosing, and each of them has carefully read this **AGREEMENT**, fully understands the **AGREEMENT** and its terms and provisions, and each of them is relying upon legal advice in entering into this **AGREEMENT** voluntarily.

> 9.2   The **TRUSTEE** and **COMPANY** have each made such investigation of the facts and matters pertaining to this **AGREEMENT** and settlement of the **AVOIDANCE POWER CLAIMS** as each of them has deemed necessary.

> 9.3   Except for the statements, representations and promises contained in this **AGREEMENT**, the parties hereto are not relying upon any statement, representation, or promise from the other party hereto or any of the other party's agents, employees, representatives, or attorneys in entering into this **AGREEMENT**.

> 9.4   Each person executing this **AGREEMENT** on behalf of a party hereto has been duly authorized to execute this **AGREEMENT** on behalf of the party and to bind the party to the terms and provisions of this **AGREEMENT** by appropriate appointment, delegation of authority, corporate by-laws or board resolutions.

> 9.5   As to the matters addressed herein, this **AGREEMENT** is intended to be final and binding upon the parties hereto, regardless of any mistake of fact or law made by the parties hereto.  The **TRUSTEE** and **COMPANY** each assume the risk of any mistake of fact or law in relation to this **AGREEMENT** and may not set aside this **AGREEMENT**, or any portion thereof based on the subsequent discovery of any such mistake of fact or law.

10.  **Complete Agreement.**  This **AGREEMENT** contains the entire agreement between the parties with respect to the matters addressed in this **AGREEMENT** and the **AGREEMENT** supersedes all prior agreements, written or oral.  Should a dispute arise under this **AGREEMENT**, neither the **TRUSTEE** nor **COMPANY** may introduce evidence of any alleged prior or contemporaneous agreements or understandings to alter the terms of this **AGREEMENT**.

11.  **No Oral Modifications.**  This **AGREEMENT** may be amended only in a writing signed by both parties.

12.     **Retention of Jurisdiction.** The **BANKRUPTCY COURT** shall retain exclusive jurisdiction to resolve any controversy or claim arising out of relating to this **AGREEMENT**.

13.     **Attorneys' Fees and Costs.** The **TRUSTEE** and **COMPANY** shall each bear their own costs and attorneys' fees, if any, with regard to any aspect of the **TRUSTEE'S CLAIMS** against **COMPANY** including with respect to the drafting, negotiation and execution of this **AGREEMENT**. However, the **TRUSTEE** and **COMPANY** agree that in the event of any legal or equitable action or arbitration proceeding required to enforce or defend this **AGREEMENT**, the prevailing party as that term is defined by California Civil Code § 1717, shall be entitled to an award of its attorneys' fees, costs, and expenses incurred in connection with the enforcement or defense of this **AGREEMENT**, in addition to any other damages it may suffer as a result of the violation or breach of this **AGREEMENT**, or other relief to which it may be entitled.

14.     **Successors.** This **AGREEMENT** shall bind and inure to the benefit of the parties hereto and their respective successors, predecessors and assigns.

15.     **Severability.** Should any provision of this **AGREEMENT** be unenforceable, those provisions shall be considered severable, and the remaining provisions shall remain in effect.

16.     **Governing Law.** This **AGREEMENT** shall be construed and governed by the internal laws of the State of California.

17.     **Counterparts.** This **AGREEMENT** may be executed in counterparts and by facsimile signature with the same force and effect as if all original signatures were set forth in a single document. This **AGREEMENT** shall not be binding until signed by both parties.

18.     **Further Assurances.** The **TRUSTEE** and **COMPANY** hereby agree to, on request of the other party hereto, to perform all acts reasonably necessary, including execution of further documents, to effectuate the intent of this **AGREEMENT**.

19.     **Bankruptcy Court Approval.** This **AGREEMENT** is explicitly conditioned upon entry of an order by the **BANKRUPTCY COURT**, or other court of competent jurisdiction, approving the terms and conditions of this **AGREEMENT**, unless such approval is expressly waived or excused by order of the **BANKRUPTCY COURT**. In the event that approval of the **BANKRUPTCY COURT** is required and the **BANKRUPTCY COURT**, or other court of competent jurisdiction, does not approve this **AGREEMENT**, it will be null and void.

(continued on next page)

**IN WITNESS WHEREOF**, the parties hereto have executed this **SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE** effective as of the first date written above.

**HOWARD M. EHRENBERG, in his Sole and Exclusive Capacity as Chapter 7 Trustee for the bankruptcy estates of Axium International, Inc. and Diversity MSP, Inc. and their respective related entities**

By: _____
     Howard M. Ehrenberg, Chapter 7 Trustee

**[COMPANY NAME], a _____**

By: _____

Its: _____

**APPROVED AS TO FORM:**

**SULMEYER**KUPETZ
A Professional Corporation

By: _____
     Steven F. Werth
     Attorneys for Howard M. Ehrenberg, Chapter 7 Trustee

**[LAW FIRM NAME]**

By: _____
     [Name]
     Attorneys for [name of company]

| In re:<br><br>AXIUM INTERNATIONAL, INC.<br><br><div align="right">Debtor(s).</div> | CHAPTER: 7<br><br>CASE NUMBER: 2:08-bk-10277-BB |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406

A true and correct copy of the foregoing document described as  **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING SETTLEMENT OF CERTAIN AVOIDANCE POWER CLAIMS WITHOUT FURTHER HEARING OR NOTICE PURSUANT TO RULE 9019(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF HOWARD M. EHRENBERG IN SUPPORT THEREOF**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

☐ Service Information continued on attached page.

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>** (indicate method for each person or entity served): On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page.

**III. <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u>** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on <u>September 10, 2009</u> I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**Office of the United States Trustee**
Ernst & Young Plaza
Bruce Schildkraut, Esq.
Email: bruce.schildkraut@usdoj.gov

**Attorneys for Debtors**
David M. Poitras, Esq.
Jeffer, Mangels, Butler & Marmaro LLP
Email: dpoitras@jmbm.com

The Honorable Sheri Bluebond
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1482
Los Angeles, CA 90012-3332

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 10, 2009 | Denise Givens | /s/ Denise Givens |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.