Victor A. Sahn (CA Bar No. 97299)
  vsahn@sulmeyerlaw.com
Daniel A. Lev (CA Bar No. 129622)
  dlev@sulmeyerlaw.com
Steven F. Werth (CA Bar No. 205434)
  swerth@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California  90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Howard M. Ehrenberg, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:08-bk-10277-BB |
| Axium International, Inc., | Chapter 7 |
| Debtor. | Jointly Administered With Case: |
| | Case No. 2:08-bk-10376-BB |
| | Substantively Consolidated With Cases: |
| | Case No. 2:08-bk-10294-BB |
| | Case No. 2:08-bk-10327-BB |
| | Case No. 2:08-bk-10339-BB |
| | Case No. 2:08-bk-10304-BB |
| | Case No. 2:08-bk-10312-BB |
| | Case No. 2:08-bk-10340-BB |
| | Case No. 2:08-bk-10297-BB |
| | Case No. 2:08-bk-10329-BB |
| | Case No. 2:08-bk-10319-BB |
| | Case No. 2:08-bk-10326-BB |
| | Case No. 2:08-bk-10332-BB |
| | Case No. 2:08-bk-10336-BB |
| | Case No. 2:08-bk-10314-BB |
| | Case No. 2:08-bk-10317-BB |
| | Case No. 2:08-bk-10333-BB |
| | Case No. 2:08-bk-10291-BB |
| | Case No. 2:08-bk-10338-BB |
| | Case No. 2:08-bk-10280-BB |
| | Case No. 2:08-bk-10305-BB |
| | Case No. 2:08-bk-10335-BB |
| | Case No. 2:08-bk-10321-BB |
| | Case No. 2:08-bk-10285-BB |
| | Case No. 2:08-bk-10320-BB |

[SWERTH\BANKR\529719.1]

| | |
|---|---|
| | Case No. 2:08-bk-10306-BB<br>Case No. 2:08-bk-10311-BB<br>Case No. 2:08-bk-10301-BB<br>Case No. 2:08-bk-10298-BB<br>Case No. 2:08-bk-10341-BB<br>Case No. 2:08-bk-10331-BB<br>Case No. 2:08-bk-10325-BB<br>Case No. 2:08-bk-10290-BB<br><br>**REPLY TO LIMITED OPPOSITION OF UNITED HEALTHCARE SERVICES, INC. TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING SETTLEMENT OF CERTAIN AVOIDANCE POWER CLAIMS WITHOUT FURTHER HEARING OR NOTICE PURSUANT TO RULE 9019(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**<br><br>DATE:     October 6, 2009<br>TIME:     2:00 p.m.<br>PLACE:   Courtroom "1475" |
| In re<br><br>Diversity MSP, Inc.,<br><br>　　　　Debtor. | Case No. 2:08-bk-10376-BB<br><br>Chapter 7<br><br>Jointly Administered With Case:<br><br>Case No. 2:08-bk-10277-BB<br><br>Substantively Consolidated With Cases:<br><br>Case No. 2:08-bk-10372-BB<br>Case No. 2:08-bk-10316-BB<br>Case No. 2:08-bk-10373-BB<br>Case No. 2:08-bk-10375-BB |
| ☒ Affects Both Debtors | |
| ☐ Affects Axium International, Inc. | 2:08-bk-10277-BB |
| ☐ Affects Diversity MSP, Inc. | 2:08-bk-10376-BB |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[SWERTH\BANKR\529719.1]

2

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, UNITED HEALTHCARE, INC. AND ITS COUNSEL, AND PARTIES ENTITLED TO NOTICE:**

Howard M. Ehrenberg, the duly appointed, qualified and acting Chapter 7 Trustee (the "Trustee") for the estates of the debtors Axium International, Inc., AV Centurion Film, Inc., AV Global, Inc., Avalon Payroll Group, Inc., Avalon Production Accounting, Inc., Avalon Visual Corp., Avalon Worldwide, Inc., Avalon Film Services, Inc., Avalon Hollywood Services, Inc., AX Centurion Film, Inc., AX Global, Inc., Axi Cash, Inc., AXICO, Inc., Axium ATB, Inc., Axium Bond Corp., Axium Cinema, Inc., Axium Entertainment, Inc., Axium Film Corp., Axium Holdings, Inc., Axium Hollywood Services, Inc., Axium Payroll Group, Inc., Axium Payroll Services, Inc., Axium SC, LLC, Axium Visual Corp., Axium Worldwide, Inc., Centurion Cinema, Inc., ECG Minn RE, LLC, Global Enterprises, Inc., Global Music, Inc., Global Worksource, Inc., PAV Film Services, Inc., Talent VMS, Inc., PAX Film Services, Inc., Diversity MSP, Inc. dba ECG dba Ensemble Chimes Global, Diversity Internal, Inc., Ensemble Chimes Servicing, Inc., and Ensemble Chimes Global Puerto Rico, Ltd., as substantively consolidated and jointly administered, (collectively, the "Debtors"), hereby submits his Reply to the Limited Opposition Of United Healthcare Services, Inc. to Chapter 7 Trustee's Motion for Order Authorizing Settlement of Certain Avoidance Power Claims Without Further Hearing or Notice Pursuant to Rule 9019(b) of the Federal Rules of Bankruptcy Procedure" (the "Limited Opposition") [Docket #1073] filed by United Healthcare, Inc. ("United"), and represents as follows:

## I.

## UNITED'S OPPOSITION IS IMPROPER

In its Limited Opposition, United seeks to unnecessarily increase the fees and costs to these estates in resolving Avoidance Power Claims.[1] This, despite the fact

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Chapter 7 Trustee's Motion for Order Authorizing Settlement of Certain Avoidance Power Claims Without (footnote continued)

that the Trustee has not identified a single preferential payment made to United, nor will the Trustee and United have any dispute should the Trustee resolve any Avoidance Power Claims. As regards contemplated and anticipated preference actions in these cases, United is nothing other than a bystander.

It appears that United filed the Limited Opposition solely to bolster its case against *future* opponents other than the Trustee, namely, the vendors who provided pre-petition services to United who are still owed money for which United may be liable. How such an action relates to any settlement of a potential preference action between the Trustee and a UHS Service Provider (as that term is defined in the Limited Opposition) is never specified. United's opposition to the Motion on this ground is patently improper.

How precisely does United seek to protect itself from a future lawsuit by meddling in a preference action? Does United intend to object to any settlement which does not contain a release as to United? Or any settlement which defines the relationship between Axium and the UHS Service Provider in an unsatisfactory way? What legitimate objection to a good faith settlement could United conceivably have? United proposes nothing more than the waste of the estates' limited resources to protect itself from future litigation initiated by third parties.

It is worth noting that no party other than United has objected to the Motion. The terms of the Motion are reasonable and will result in substantially reduced costs to the estates to resolve Avoidance Power Claims, some of which may bring in as little as a few thousand dollars, or less, to the estates. United now proposes to make every small settlement between the Trustee and a UHS Service Provider a net loss to the estates by requiring the Trustee to file a separate settlement motion, respond to United's inevitable objection to the settlement (as United's concerns with proposed settlements are vague, the Trustee can only assume that United has expended the resources to file the Limited

---

Further Hearing or Notice Pursuant to Rule 9019(b) of the Federal Rules of Bankruptcy Procedure, filed on September 10, 2009 [Docket #1064].

[SWERTH\BANKR\529719.1]    4

Opposition because it intends to object to every single one), and then attend a hearing to approve a settlement. The whole purpose behind the Motion is to avoid this very situation. And in any case, there is no reason to treat United differently than any other customer of Axium.

Finally, to the extent the Limited Opposition is nothing more than an attempt to obtain documents from the Trustee as to Axium's contractual relationships with the UHS Service Providers, which is what it appears to be, United is free to request this information informally from the Trustee or, barring the voluntary compliance with such a request, to formally seek the documents pursuant to a Rule 2004 of the Federal Rules of Bankruptcy Procedure.

## II.

## CONCLUSION

The Limited Opposition does not articulate how any settlement by the Trustee with a UHS Service Provider will deprive United of due process or prevent United from protecting its interests. Whatever concerns United might have as to future litigation with third parties will not be resolved in the context of a Rule 9019 objection in any case. For the foregoing reasons, the Trustee respectfully requests that the Court approve the Motion in its entirety and for such other and further relief as the Court deems just and proper.

DATED: September 29, 2009

**Sulmeyer**Kupetz
A Professional Corporation

By: /s/ Steve Werth
Steven F. Werth
Attorneys for Howard M. Ehrenberg, Chapter 7 Trustee

[SWERTH\BANKR\529719.1]

| In re:                        | CHAPTER: 7                        |
|-------------------------------|-----------------------------------|
| Axium International, Inc.     |                                   |
|                    Debtor(s). | CASE NUMBER: 2:08-bk-10277-BB     |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406

A true and correct copy of the foregoing document described as <u>REPLY TO LIMITED OPPOSITION OF UNITED HEALTHCARE SERVICES, INC. TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING SETTLEMENT OF CERTAIN AVOIDANCE POWER CLAIMS WITHOUT FURTHER HEARING OR NOTICE PURSUANT TO RULE 9019(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

☐ Service Information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P.5 and/or controlling LBR, on <u>September 29, 2009</u> I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

The Honorable Sheri Bluebond
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1482
255 E. Temple Street
Los Angeles, CA 90012-3332

☒ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 29, 2009 | Lauren Dionneau | _(signature)_ |
|--------------------|-----------------|---------------|
| Date               | Type Name       | Signature     |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1

| In re: | CHAPTER: 7 |
|---|---|
| Axium International, Inc. | |
| Debtor(s). | CASE NUMBER: 2:08-bk-10277-BB |

**ADDITIONAL SERVICE INFORMATION** (if needed):

**VIA EMAIL**

**Attorneys for Debtors**
David M. Poitras, Esq.
Jeffer, Mangels, Butler & Marmaro LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Facsimile No.: (310) 203-0567
Email: dpoitras@jmbm.com

**Office of the United States Trustee**
Ernst & Young Plaza
Bruce Schildkraut, Esq.
725 South Figueroa Street, 26th Floor
Los Angeles, CA 90017
Facsimile No.: (213) 894-2603
Email: bruce.schildkraut@usdoj.gov

**Attorneys for United Healthcare Services, Inc.**
Dena C. Kaufman, Esq.
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022
Facsimile No.: (212) 918-3100
Email: dckaufman@hhlaw.com

**Attorneys for United Healthcare Services, Inc.**
Neil R. O'Hanlon, Esq.
Hogan & Hartson LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Facsimile No.: (310) 785-4601
Email: nrohanlon@hhlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1