Bennett L. Spiegel (SBN 129558)
Erin N. Brady (SBN 215308)
Lance Miller (SBN 241905)
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for Howard M. Ehrenberg, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:08-bk-10277-BB |
| Axium International, Inc., | Chapter 7 |
| Debtor, | Jointly Administered With Case: |
| | Case No. 2:08-bk-10376-BB |
| | Substantively Consolidated With Cases: |
| | Case No. 2:08-bk-10294-BB |
| | Case No. 2:08-bk-10327-BB |
| | Case No. 2:08-bk-10339-BB |
| | Case No. 2:08-bk-10304-BB |
| | Case No. 2:08-bk-10312-BB |
| | Case No. 2:08-bk-10340-BB |
| | Case No. 2:08-bk-10297-BB |
| | Case No. 2:08-bk-10329-BB |
| | Case No. 2:08-bk-10319-BB |
| | Case No. 2:08-bk-10326-BB |
| | Case No. 2:08-bk-10332-BB |
| | Case No. 2:08-bk-10336-BB |
| | Case No. 2:08-bk-10314-BB |
| | Case No. 2:08-bk-10317-BB |
| | Case No. 2:08-bk-10333-BB |
| | Case No. 2:08-bk-10291-BB |
| | Case No. 2:08-bk-10338-BB |
| | Case No. 2:08-bk-10280-BB |
| | Case No. 2:08-bk-10305-BB |
| | Case No. 2:08-bk-10335-BB |
| | Case No. 2:08-bk-10321-BB |
| | Case No. 2:08-bk-10285-BB |
| | Case No. 2:08-bk-10320-BB |
| | Case No. 2:08-bk-10306-BB |

LAI-3081109v1

|   |   |
|---|---|
| | Case No. 2:08-bk-10311-BB<br>Case No. 2:08-bk-10301-BB<br>Case No. 2:08-bk-10298-BB<br>Case No. 2:08-bk-10341-BB<br>Case No. 2:08-bk-10331-BB<br>Case No. 2:08-bk-10325-BB<br>Case No. 2:08-bk-10290-BB |
| | **REPLY TO THE LIMITED OBJECTION OF UNITED HEALTHCARE SERVICES, INC. TO CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 TO APPROVE A GLOBAL SETTLEMENT AGREEMENT WITH GOLDENTREE CAPITAL SOLUTIONS FUND FINANCING AND CERTAIN GOLDENTREE AFFILIATES, AND TO LIMIT NOTICE OF MOTION TO CERTAIN SPECIAL NOTICE PARTIES** |
| | <u>Hearing</u><br>DATE:    January 12, 2010<br>TIME:    2:00 p.m.<br>PLACE:    Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street, Rm 1482<br>Los Angeles, CA 90012 |
| | Case No. 2:08-bk-10376-BB |
| | Chapter 7 |
| In re | Case No. 2:08-bk-10277-BB |
| Diversity MSP, Inc., | Substantively Consolidated With Cases: |
| Debtor, | Case No. 2:08-bk-10372-BB<br>Case No. 2:08-bk-10316-BB<br>Case No. 2:08-bk-10373-BB<br>Case No. 2:08-bk-10375-BB |
| ☒   Affects Both Debtors | |
| ☐   Affects Axium International, Inc. | Case No. 2:08-bk-10277 |
| ☐   Affects Diversity MSP, Inc. | Case No. 2:08-bk-10376 |

LAI-3081109v1

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

Howard M. Ehrenberg, the duly appointed, qualified and acting Chapter 7 Trustee (the "Trustee") for the estates of Axium International, Inc. ("Axium") and its affiliated debtors (collectively, the "Debtors"), hereby replies to the *Limited Objection of United Health Services, Inc.* (the "Limited Objection") to the *Chapter 7 Trustee's Motion Pursuant To Federal Rule Of Bankruptcy Procedure 9019 To Approve A Global Settlement Agreement With GoldenTree Capital Solutions Fund Financing And Certain GoldenTree Affiliates, And To Limit Notice Of Motion To Certain Special Notice Parties* [docket # 1710] (the "Motion").

## BRIEF BACKGROUND

The Debtors filed for relief under chapter 7 of the Bankruptcy Code on January 8 and 9, 2008 (collectively, the "Petition Dates"), and the Trustee was appointed chapter 7 trustee for each of the Debtors' bankruptcy estates thereafter. Following a lengthy and detailed investigation, the Trustee entered into a Global Settlement Agreement (the "Agreement") with the Debtors' pre-petition primary secured lenders, GoldenTree Capital Solutions Fund Financing and its various affiliates (collectively, "GoldenTree"). The circumstances surrounding the Trustee's investigation of GoldenTree and his decision to enter into the Agreement are more fully discussed in the Motion, which is incorporated herein by reference.

One party responded to the Motion – United Health Services, Inc. ("UHS").[1] UHS filed its Limited Objection on December 29, 2009 [docket # 1828], raising two points. First, UHS requests a 30-day continuance of the hearing on the Motion on the basis that: "Counsel for UHS was served with a copy of the Motion by U.S. Mail, postmarked December 21, 2009. Due to the holidays,

---

[1] Another party, MPS Group, Inc. ("MPS"), contacted the Trustee on December 28, 2009 and requested a brief extension to consider the Motion. The Trustee granted that request, and MPS was given until January 4, 2010 to file a response. After further discussions between MPS and the Trustee, the Trustee has agreed to include the language set forth in Section B, below, in the proposed order approving the Agreement.

LAI-3081109v1    1

1 counsel for UHS first saw the Motion on December 28, 2009." Second, UHS objects to the Motion

2 to the extent that the Agreement purports to alter UHS' rights or claims against GoldenTree.

3 UHS' concerns are without merit, and its objection should be overruled accordingly.

**REPLY TO THE UHS OBJECTION**

5 A.    Notice Of The Motion Was Appropriate, And The Trustee Would Be Prejudiced
6           By A Continuance Of The Hearing Thereon.

7 UHS first requests that the hearing on the Motion be continued for 30 days, arguing that

8 because the Motion was noticed over the holiday period, UHS did not have adequate time to

9 consider the Motion before the December 29, 2009 objection deadline. This request should be

10 denied. There is no dispute that notice of the Motion was in full compliance with both the Federal

11 Rules of Bankruptcy Procedure and this Court's Local Rules. And any continuance of the hearing

12 on the Motion will be prejudicial to the Trustee and the estates.

13 Local Bankruptcy Rule 9013-1(d)(2) provides that notice of a motion and a motion must be

14 filed and served "not later than 21 days before the hearing date designated in the notice." Where

15 service is provided by U.S. Mail, Federal Rule of Bankruptcy Procedure 9006(f) requires that the

16 time for service must include an additional three (3) days. Service effectuated through the mail is

17 deemed completed once the notice is placed in the mail, as opposed to when it is received. Fed. R.

18 Bankr. P. 9006(e).

19 The Trustee filed the Motion and served the Motion on parties in interest on December 18,

20 2009 –26 days before the Motion was scheduled for hearing. On that same day, copies of the

21 Motion and notice of the Motion were placed in the mail and addressed to counsel for UHS. This

22 service complied in all respects with both Local Bankruptcy Rule 9013-1(d)(2) and Federal

23 Bankruptcy Rule 9006(f). That UHS' counsel only first "saw" the Motion on December 28, 2009 is

24 not relevant. *See In re Treister*, 1985 WL 2044 *2 (S.D.N.Y. July 19, 1985) (unpublished) ("[T]he

25 issue of whether notice was ever received is arguably irrelevant. Bankruptcy Rule 9006(e) provides

26 that 'notice by mail is complete upon mailing,' thus whether a creditor actually receives notice need

27 not be addressed."); *accord Kim v. Commandant, Defense Language Institute, Foreign Language*

28

LAI-3081109v1    2

*Center*, 722 F.2d 521, 524 (9th Cir. 1985) (applying Fed. R. Civ. P. 5(b)). And in any event, if UHS or its counsel believed it needed more time to consider the Motion, UHS could have requested an extension to respond to the Motion in advance of the objection deadline. It did not.

Moreover, any continuance of the hearing will impede the Trustee's ability to prepare for and participate in a long-scheduled February 9, 2010 mediation of GoldenTree's claims against BDO Seidman LLP, which claims GoldenTree will assign to the Trustee upon consummation of the Agreement (the "GoldenTree BDO Claims"). Were the Court to grant UHS' requested 30-day continuance, the mediation would necessarily take place before the Agreement could be approved. This would deprive the Trustee of a significant component of the Agreement – control over the litigation and settlement of the GoldenTree BDO Claims. But even a short continuance would be prejudicial to the Trustee; for the mediation to be productive, the GoldenTree BDO Claims must first be transitioned to the Trustee's counsel, a process that likely will take several weeks. Postponing the mediation is also not an attractive option – the Trustee understands that the next available mediation date may be months away.

In light of the proper notice given UHS, and the prejudice that the Trustee will suffer if the hearing on the Motion is continued, UHS' request to continue the hearing should be denied.

**B.    UHS' Rights And Claims Against GoldenTree Will Not Be Impacted If The Court Approves The Agreement.**

UHS is also concerned that approval of the Agreement could impact UHS' ability to assert that a portion of the funds that GoldenTree swept from the Debtors' bank accounts were held in trust for UHS' benefit. Notably, while a number of the Debtors' former customers have filed this sort of "trust fund claim" against GoldenTree in state court (none of whom have objected to the Motion), the Trustee is unaware of any such claim that UHS has filed in any court. Regardless, the Agreement and Motion address only the *compromise* of claims that the Trustee otherwise may have asserted against GoldenTree. It does not address the character of the swept funds, nor does it call for GoldenTree to return any swept funds to the estate. As such, approval of this compromise does not require the Court to make any findings of fact or draw any conclusions of law that would impede

1 | UHS from asserting a trust fund claim against GoldenTree.  And the Trustee has not asked the Court
2 | to do so.
3 |     In any event, UHS' stated concern is now academic.  At the request of MPS Group, a party
4 | with concerns similar to those of UHS, the Trustee and GoldenTree have agreed to include the
5 | following language in the proposed order approving the Agreement:

> **Nothing in this order shall be deemed to constitute a finding of fact or conclusion of law as to the ownership of the Swept Funds [as defined at paragraph 12 of the Declaration of Howard M. Ehrenberg, Doc. no. 1713] at any point in time.**

10 | This language should alleviate any concerns that UHS has regarding its potential trust fund claims.

## CONCLUSION

12 |     WHEREFORE, the Trustee respectfully submits that the arguments raised in the UHS
13 | Objection are without merit and should be overruled.

Dated: January 5, 2009                                    JONES DAY

By: */s/ Bennett L. Spiegel*
    Bennett L. Spiegel
    Erin N. Brady
    Lance Miller

*Counsel to Howard M. Ehrenberg, Chapter 7 Trustee*

| In re:<br>Axium International, Inc., et al.,<br><br>Debtor(s). | CHAPTER 7<br><br>CASE NUMBER 2:08-bk-10277-BB |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

555 S. Flower Street, Los Angeles, CA 90071

A true and correct copy of the foregoing document described **REPLY TO THE LIMITED OBJECTION OF UNITED HEALTHCARE SERVICES, INC. TO CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 TO APPROVE A GLOBAL SETTLEMENT AGREEMENT WITH GOLDENTREE CAPITAL SOLUTIONS FUND FINANCING AND CERTAIN GOLDENTREE AFFILIATES, AND TO LIMIT NOTICE OF MOTION TO CERTAIN SPECIAL NOTICE PARTIES** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 5, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On January 5, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 5, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Hon. Sheri Bluebond
United States Bankruptcy Judge
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1482
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 5, 2010 | Susan Perry | /s/ *Susan Perry* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| In re: Axium International, Inc., et al., Debtor(s). | CHAPTER 7 CASE NUMBER 2:08-bk-10277-BB |
|---|---|

**ADDITIONAL SERVICE PARTIES:**

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Franklin C Adams   franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com;lisa.spencer@bbklaw.com;bknotices@bbklaw.com
- Andrew K Alper   aalper@frandzel.com, efiling@frandzel.com;ekidder@frandzel.com
- Paul S Arrow   parrow@buchalter.com, ifs_filing@buchalter.com
- Elizabeth Berke-Dreyfuss   edreyfuss@wendel.com
- Ann Bloetscher   abloetsc@ford.com
- Sandor T Boxer   tedb@tedboxer.com
- Erin N Brady   enbrady@jonesday.com
- Hall Brehme   crios@purdybrehme.com
- Alan F Broidy   sherrie@alanbroidy.com, afbroidy@ix.netcom.com
- Bradley E Brook   bbrook@bbrooklaw.com, jimmy@bbrooklaw.com
- Michael E Busch   michael.busch@fnf.com
- Thomas H Casey   msalustro@tomcaseylaw.com
- Sara Chenetz   chenetz@blankrome.com
- Shawn M Christianson   cmcintire@buchalter.com
- Leslie A Cohen   leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com
- Theodore A Cohen   tcohen@sheppardmullin.com
- Jonathan B Cole   jcole@nemecek-cole.com
- Enid M Colson   ecolson@linerlaw.com
- Jon L Dalberg   jdalberg@andrewskurth.com, mprokocki@lblawllp.com
- Ana Damonte   ana.damonte@pillsburylaw.com
- Henry S David   hdavid@dskllp.com, hdavid@swlaw.com
- Peter A Davidson   pdavidson@mdfslaw.com
- Asheley G Dean   agdean@hhlaw.com
- Howard M Ehrenberg   ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;hmehrenberg@ecf.epiqsystems.com
- Joseph A Eisenberg   jae@jmbm.com
- Christina Erickson   cerickson@richardsonpatel.com
- Richard W Esterkin   resterkin@morganlewis.com
- Lisa Hill Fenning   Lisa.Fenning@aporter.com, Jean.Kellett@aporter.com
- Wayne S Flick   wayne.s.flick@lw.com, colleen.rico@lw.com
- Joseph D Frank   jfrank@fgllp.com
- J Rudy Freeman   rfreeman@linerlaw.com, cjacobo@linerlaw.com
- Ellen A Friedman   mmyles@friedumspring.com
- Ellyn S Garofalo   egarofalo@linerlaw.com
- Daniel H Gill   ecf@ebg-law.com, dgill@ebg-law.com
- Michael J Glenn   mglenn@thedonovanoffices.com
- Arthur Goldstein   agoldstein@tnsj-law.com
- David B Golubchik   dbg@lnbrb.com
- Sonya M Grahl   sgrahl1@ford.com
- Irving M Gross   igross@rdwlawcorp.com, mrichardson@rdwlawcorp.com;csharpe@rdwlawcorp.com
- Steven T Gubner   sgubner@ebg-law.com, ecf@ebg-law.com
- Peter J Gurfein   pgurfein@akingump.com
- Joseph G Harraka   jgharraka@beckermeisel.com, bhbecker@beckermeisel.com
- Brian T Harvey   bharvey@buchalter.com, IFS_filing@buchalter.com
- D Edward Hays   ehays@marshackhays.com
- Jeffery D Hermann   jhermann@orrick.com
- Michael J Heyman   michael.heyman@klgates.com
- Whitman L Holt   wholt@stutman.com
- Leslie R Horowitz   lhorowitz@clarktrev.com
- Mark D Houle   mark.houle@pillsburylaw.com
- Marsha A Houston   mhouston@reedsmith.com
- James K T Hunter   jhunter@pszyjw.com

| In re: | CHAPTER 7 |
|---|---|
| Axium International, Inc., et al., Debtor(s). | CASE NUMBER 2:08-bk-10277-BB |

- Paul Jasper    pjasper@dl.com
- Peter F Jazayeri    pjazayeri@ecjlaw.com, pjazayeri@ecjlaw.com
- James O Johnston    johnstonj@hbdlawyers.com
- John J Jolley    jay.jolley@kutakrock.com
- Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
- David C Kelly    dkelly@prklaw.com
- John H Kim    jkim@cookseylaw.com
- John W Kim    jkim@nossaman.com
- Jonathan J Kim    jkim@pszjlaw.com, jkim@pszjlaw.com
- Joseph A Kohanski    jkohanski@bushquinonez.com
- Ian Landsberg    ilandsberg@lm-lawyers.com
- Daniel A Lev    dlev@sulmeyerlaw.com
- Joy E Levy    ecf@ebg-law.com
- Adam A Lewis    alewis@mofo.com
- Michael S Lurey    michael.lurey@lw.com, colleen.rico@lw.com
- Josefina F McEvoy    josefina.mcevoy@klgates.com, jparrott@foxrothschild.com
- C John M Melissinos    jmelissinos@andrewskurth.com, jreinglass@rutterhobbs.com
- Darrel C Menthe    dmenthe@mcguirewoods.com
- Hal M Mersel    mark.mersel@bryancave.com
- Elissa Miller    emiller@sulmeyerlaw.com
- Christopher Minier    becky@ringstadlaw.com
- Frank W Molloy    jgalombos@hmspasadena.com, mdickey@hmspasadena.com
- Susan I Montgomery    susan@simontgomerylaw.com
- Jennifer L Nassiri    jennifer.nassiri@dlapiper.com, bambi.clark@dlapiper.com
- Lisa N Nobles    lnobles@sulmeyerlaw.com
- Aram Ordubegian    ordubegian.aram@arentfox.com
- Christina M Padien    cmoore@akingump.com
- Christine M Pajak    cpajak@stutman.com
- Mark Palley    mp@marionsinn.com
- John Petriello    john@lep-lawyers.com
- David M Poitras    dpoitras@jmbm.com
- Christian L Raisner    bankruptcycourtnotices@unioncounsel.net, craisner@unioncounsel.net
- Dean G Rallis Jr    drallis@sulmeyerlaw.com
- Todd C. Ringstad    becky@ringstadlaw.com
- Christopher O Rivas    crivas@reedsmith.com
- Victor A Sahn    vsahn@sulmeyerlaw.com
- Nanette D Sanders    becky@ringstadlaw.com
- Scott A Schiff    sas@soukup-schiff.com
- Gerald N Sims    jerrys@psdslaw.com
- Bennett L Spiegel    blspiegel@jonesday.com
- Michael St James    ecf@stjames-law.com
- Adam M Starr    starra@gtlaw.com
- Derrick Talerico    dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- Wayne R Terry    wterry@hemar-rousso.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Christine S Upton    csupton@kscllp.com
- Jason Wallach    jwallach@gladstonemichel.com
- Phillip K Wang    pwang@duanemorris.com
- Philip S Warden    philip.warden@pillsburylaw.com
- Gilbert B Weisman    notices@becket-lee.com
- Steven Werth    swerth@sulmeyerlaw.com
- Andrew J Whealy    andrew.whealy@kutakrock.com
- Katherine M Windler    katherine.windler@bryancave.com
- David M Wiseblood    dwiseblood@seyfarth.com
- Martin S Zohn    mzohn@proskauer.com

| In re:<br>Axium International, Inc., et al.,<br><br>Debtor(s). | CHAPTER 7<br><br>CASE NUMBER 2:08-bk-10277-BB |
|---|---|

**III. SERVED BY** PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR **EMAIL** (to all interested parties not receiving via NEF):

**Attorneys for United Healthcare Services, Inc.**
Dena C. Kaufman, Esq.
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022
Email: dckaufman@hhlaw.com

**Attorneys for United Healthcare Services, Inc.**
Neil R. O'Hanlon, Esq.
Hogan & Hartson LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Email: nrohanlon@hhlaw.com

**Office of the United States Trustee**
Ernst & Young Plaza
Bruce Schildkraut, Esq.
725 South Figueroa Street, 26th Floor
Los Angeles, CA 90017
Email: bruce.schildkraut@usdoj.gov

**Attys for GoldenTree Asset Management LP/Canyon Capital Advisors LLC**
Attn: Michael Lurey, Esq./Wayne S. Flick, Esq.
Amy C. Quartarolo, Esq./Heather L. Fowler, Esq.
Latham & Watkins LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Email: michael.lurey@lw.com
       wayne.s.flick@lw.com
       amy.quartarolo@lw.com
       heather.fowler@lw.com

**Attorneys for MPS Group**
Gillian Brown, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100
Email: gbrown@pszjlaw.com