Eric S. Pezold (#255657)
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626
Telephone:    (714) 427-7414
Facsimile:    (714) 427-7799
E-Mail:       epezold@swlaw.com

Mark T. Benedict (Pro Hac Vice)
Marshall C. Turner (Pro Hac Vice)
Laura Toledo (Pro Hac Vice)
Husch Blackwell Sanders LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone:    (314) 480-1760
Facsimile:    (314) 480-1505
Email:        mark.benedict@huschblackwell.com
              marshall.turner@huschblackwell.com
              laura.toledo@huschblackwell.com

Attorneys for Express Scripts, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In Re: | Case No. 6:08-bk-10277-BB |
| AXIUM INTERNATIONAL, INC., | Chapter 7 |
| Debtors. | Jointly Administered and Substantively Consolidated with Case No. 2:08-bk-10376-BB |
| | **REPLY OF EXPRESS SCRIPTS, INC., TO CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION TO COMPEL ABANDONMENT OF CERTAIN CLAIMS PURSUANT TO SECTION 546 OF THE BANKRUTPCY CODE** |
| | Hearing Information |
| | Date:      February 23, 2010<br>Time:      2:00 p.m.<br>Location:  Courtroom 1475<br>            255 E. Temple Street<br>            Los Angeles, CA 90012 |

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

11203658

1    Express Scripts, Inc. ("ESI"), a creditor of Diversity MSP Inc., d/b/a/ Ensemble

2    Workforce Solutions, Inc. ("Ensemble"), one of the debtors and debtors-in-possession in

3    the above-captioned jointly administered and substantively consolidated bankruptcy cases,

4    hereby files its *Reply to Chapter 7 Trustee's Opposition to Motion to Compel*

5    *Abandonment of Certain Claims Pursuant to Section 547 of the Bankruptcy Code* (the

6    "Reply").  As more fully set forth below and in the *Motion to Compel Abandonment of*

7    *Certain Claims Pursuant to Section 547 of the Bankruptcy Code (*the "Motion to Compel

8    Abandonment")[1], the Trustee has failed to provide legal authority or evidence that refutes

9    ESI's legal authority and evidence regarding Trustee's inability to establish *prima facie*

10   causes of action, pursuant to section 547 of the Bankruptcy Code, against the Staffing

11   Companies.

12      The Reply is supported by the accompanying Memorandum of Points and

13   Authorities, the *Declaration of Mark T. Benedict in Support of ESI's Motion to Compel*

14   *Abandonment,* the *Supplemental Declaration of Carl Waeckerle in Support of ESI's*

15   *Motion to Compel Abandonment* (the "Supplemental Waeckerle Declaration"), and *ESI's*

16   *Evidentiary Objections to the Declarations of David W. Roberts*, and all papers and

17   pleadings of record in these cases.

18

19   DATED: February 16, 2010.        SNELL & WILMER L.L.P.

20

21                  By  /s/ Eric S. Pezold (#255657)
                        Eric S. Pezold
22

23                      -and-

24                  Mark Benedict
                    Marshall Turner
25                  Laura Toledo
                    Husch Blackwell Sanders LLP
26
                    Attorneys for Express Scripts, Inc.
27

28
    _____
    [1] Docket Entry ("DE") No. 1860.
    11205658

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.  LEGAL ARGUMENT ......................................................................................... 3

    A.   The Undisputed Evidence Reflects That Ensemble Was ESI's Agent ......... 3

        1.   Ensemble, As Agent, Had the Ability To – And Habitually Did – Bind Its Principal, ESI ..................................................... 3

        2.   Ensemble Was Subject to ESI's Control ........................................... 5

        3.   The Alleged Commingling of Customer Funds By the Debtors Does Not Render the Commingled Funds Property Of the Debtors' Estates ...................................................................... 6

    B.   None Of The Staffing Companies Entered Into Contracts With Any Of The Debtors With Regard To Services The Staffing Companies Provided To ESI ........................................................... 8

    C.   The Trustee Does Not Refute That Ensemble Was A Bailee With Respect To The ESI Funds ..................................................... 9

    D.   An Express Trust Was Created By ESI's Relationship With Ensemble ......................................................................... 10

    E.   ESI Is A Creditor And Party-In-Interest And Has Standing To Seek The Abandonment Of The Causes Of Action Against The Staffing Companies ..................................................... 12

III. CONCLUSION ................................................................................................. 13

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

In re CMC Telecom, Inc.,
 383 B.R. 52 (Bankr. E.D. Mich. 2008) .......................................................................... 7

In re Computrex, Inc.,
 403 F.3d 807 (6th Cir. 2005) .............................................................................. 7, 9

In re Golden Triangle Capital, Inc.,
 171 B.R. 79 (9th Cir. B.A.P. 1994) .............................................................................. 10

In re Greenfield Direct Response, Inc.,
 171 B.R. 848 (Bankr. N.D. Ill. 1994) .......................................................................... 7

In re Tap,
 52 B.R. 271 (Bankr. D. Mass. 1985) .......................................................................... 11

In re UDI Corp.,
 301 B.R. 104 (Bankr.D. Mass. 2003) .......................................................................... 6

## FEDERAL STATUTES

11 U.S.C. § 554(b) .......................................................................................................... 12

11 U.S.C. § 541(d) .......................................................................................................... 7

Snell & Wilmer
———— L.L.P. ————
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# I.

## INTRODUCTION

The Trustee, in the *Chapter 7 Trustee's Opposition to Motion to Compel Abandonment of Certain Claims Pursuant to Section 547 of the Bankruptcy Code* (the "*Opposition*") and the *Declaration of David W. Roberts* in support thereof (the "Roberts Declaration"), fails to controvert ESI's legal arguments and evidence that demonstrate that the Trustee cannot establish the *prima facie* elements of preference actions against the Staffing Companies.[2]  Specifically, the uncontroverted evidence supporting abandonment of the Preference Actions includes:

- The ESI Funds were not property of Ensemble's estate under any of the following three bodies of law, agency, bailment, or constructive trust.

- The MSA explicitly provides that Ensemble is ESI's Limited Agent with respect to ESI's procurement of services from the Staffing Companies. MSA, p. 2; *Declaration of Carl Waeckerle in Support of Express Scripts, Inc.'s Motion to Compel Abandonment of Certain Claims Pursuant to Section 547 of the Bankruptcy Code* (the "Waeckerle Declaration"), ¶17[3]; "*Declaration of Kenneth J. Quinn in Support of Express Scripts, Inc.'s Motion to Compel Abandonment of Certain Claims Pursuant to Section 547 of the Bankruptcy Code* (the "Quinn Declaration"), ¶11[4].

- ESI had direct contractual relations with the Staffing Companies.  Ensemble did not have direct contractual relations with the Staffing Companies with regard to services provided to ESI. Waeckerle Declaration, ¶12; Quinn Declaration, ¶10.

- Ensemble's course of conduct under the MSA was to act as ESI's agent. Waeckerle Declaration, ¶¶17, 18, and 24; Supplemental Waeckerle Declaration, ¶7.

- Ensemble's interest in the ESI Funds was limited to its Management Fee. Waeckerle Declaration, ¶19; Quinn Declaration, ¶13.

- Ensemble did not make payments to the Staffing Companies until it received the relevant funds from ESI.  Waeckerle Declaration, ¶¶15 and 16.

---

[2] Any capitalized term used but not defined herein shall have the meaning ascribed to such term in the Motion to Compel Abandonment.

[3] DE No. 1861.

[4] DE No. 1862.

1    Although the Trustee has failed to controvert the material and relevant facts set

2  forth in the Motion to Compel Abandonment, the Trustee objects based upon two false

3  premises.  First, the Trustee contends that he has settled 240 preference cases in this

4  bankruptcy for $2.7 million and that, accordingly, his causes of action against the Staffing

5  Companies have value.  This is an average of $11,250 per case.  This is a false premise

6  because it is no more relevant to the Motion to Compel Abandonment than an allegation

7  that Chrysler settled 200 preference cases for $200.  Each preference case generally stands

8  on its own facts, and the alleged fact[5] that the trustee has settled some case is not

9  indicative of the merits of the Trustee complaints filed against the Staffing Companies.

10  Indeed, ESI's Motion to Compel Abandonment concerns solely causes of action against

11  ESI Staffing Companies related to services provided to ESI.  ESI's motion does not speak

12  to or address claims against non-ESI staffing companies or against ESI Staffing

13  Companies for non-ESI work.  Whether the Trustee has meritorious claims against parties

14  that are not the subject of the Motion to Compel Abandonment is irrelevant.  Moreover,

15  the settlement amounts divulged by the Trustee, if accurate, may be characterized as

16  nuisance value or costs of defense settlements rather than "meritorious litigation." As

17  such, the Trustee's argument that his claims against the Staffing Companies are valuable

18  merely because he has settled unrelated preference actions is a red herring that seeks to

19  divert the Court's attention from the primary issue, namely that Ensemble was ESI's agent

20  and the money paid to ESI's vendors was ESI's money, not property of Ensemble's

21  estate.

22    Second, as his second false premise, the Trustee asserts that the Debtors may have

23  had a direct contractual relationship with one of the 50 ESI Staffing Companies, Analysts

24  International Corporation ("AIC").  While ESI believes that the Trustee overstates the

25  "facts" regarding AIC and the Trustee has failed to present the alleged direct contract

---

[5] The Trustee has failed to provide a declaration or other evidentiary support for its assertion that he has
settled 240 cases for $2.7 million as required by Local Rule 9013-1(f)(1).  As such, the argument fails for
lack of proof as well as relevance, and ESI requests that the Court exclude and strike the allegation from
the Trustee's opposition.

11203658

- 2 -

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   between a debtor and AIC, it is noteworthy that the Trustee recently dismissed its causes

2   of action against AIC with prejudice.  See Docket #3 in Adversary Proceeding No. 09-

3   03243.  As such, the Trustee's purported evidence of a direct contractual relationship

4   between a debtor and AIC supports, at most, the finding that one Staffing Company, who

5   is no longer subject to ESI's Motion to Compel Abandonment, had a contract with a

6   Debtor.  The Trustee presents no evidence of any kind regarding the remaining 49

7   Staffing Companies.  Therefore, the Trustee's arguments regarding AIC are also red

8   herrings and not germane to the facts and arguments presented by ESI.  Given the

9   Trustee's failure to controvert the facts or rebut the legal authorities relied upon by ESI,

10  the Court should grant ESI's Motion to Compel Abandonment and order that the Trustee

11  abandon his alleged causes of action against ESI's Staffing Companies for payments made

12  to those Staffing Companies for work performed for ESI.

## II.

## LEGAL ARGUMENT

### A.    The Undisputed Evidence Reflects That Ensemble Was ESI's Agent.

16      The undisputed evidence reflects that Ensemble was ESI's agent.  Contrary to the

17  Trustee's assertions, not only did the MSA create an express agency relationship,

18  Ensemble had the ability to bind its principal and ESI had the power to control

19  Ensemble's actions as ESI's agent.  Moreover, the allegations of Ensemble commingling

20  ESI funds are not inconsistent with the agency relationship or otherwise dispositive.

### 1.    Ensemble, As Agent, Had the Ability To – And Habitually Did – Bind Its Principal, ESI.

23      While the Trustee incorrectly states that there was no principal/agent relationship

24  because "Ensemble did not have that authority [to bind the principal/ESI] pursuant to the

25  express terms of the MSA," the Trustee admits in the Opposition that:

the MSA provides that ***Ensemble would manage essentially all aspects of
the employment of temporary workers provided to Express Scripts***, from
***placing orders for temporary workers*** (***a task only to be performed by
Ensemble***, MSA Section 4.5), to ***assigning the "manner and means"*** of

work to the temporary workers (MSA Section 4.7), to paying the Express Vendors for their work (MSA, Section 3.4).

Opposition, p. 5 and 6 (emphasis added).

The MSA specifically states that:  ESI shall . . . [p]lace all orders for Temporary Workers under the Program with Ensemble directly and ***not ordinarily directly communicate Orders to any Staffing Company*** . . . ."  MSA, § 4.5.  It was Ensemble, as ESI's agent, who had the ability to communicate acceptance of a Staffing Company bid and bind the Staffing Company to perform such services for ESI.  The foregoing ability of Ensemble to bind its principal, ESI, is further evidenced by Carl Waeckerle, who was Ensemble's Sourcing Consultant and Partnership Manager assigned to ESI during all relevant time periods.  Waeckerle Declaration, ¶4.  Waeckerle states that, in connection with his review of Staffing Companies' bids for respective jobs, once an acceptable bid was selected, Waeckerle, in his capacity as an Ensemble employee and as ESI's agent, contacted the respective Staffing Company and accepted the bid to provide services to ESI.  See Supplemental Waeckerle Declaration, ¶7.  Accordingly, both the MSA and the parties' course of conduct are replete with evidence that Ensemble had the ability and authority to bind ESI with regard to the selection of the appropriate Staffing Company for a particular job.  If, as the Trustee suggests, the power to bind determines the existence of an agency relationship, then the Court should conclude that Ensemble was ESI's agent.

The Trustee also relies on an internal March 15, 2006 memorandum of ESI (the "Internal Memorandum") to support its argument.[6]  His reliance is misplaced.  The Internal Memorandum is not a legal document.  It is a lay-person's description reflecting the fact that ESI and Ensemble entered into the MSA.  None of the lay-person statements are inconsistent with a principal/agent relationship.  Moreover, the Internal Memorandum states, consistent with agency, that "[t]his vendor-neutral management entity [i.e., Ensemble] will provide assistance in overseeing all preferred staffing suppliers currently

_____

[6] Concurrently herewith, ESI has filed an objection to the introduction of this document as evidence.  Therefore, ESI moves the Court to exclude the document and strike any allegations concerning it from the Trustee's opposition.

- 4 -

1    providing services to ESI." See Exhibit "A" to Roberts Declaration. If anything, the

2    Internal Memorandum is additional evidence that Ensemble did not have direct

3    contractual relations with the Staffing Companies and that this "neutrality" on Ensemble's

4    part was an important attribute of the relationship for ESI.

5        **2.    Ensemble Was Subject to ESI's Control.**

6        ESI's control over Ensemble evidences that there was an agency relationship

7    despite the Trustee's incorrect assertions to the contrary. See Opposition, p. 6. The

8    Trustee's position on control is nonsensical because the MSA specifically delineates ESI's

9    control over Ensemble's activities. MSA, Sections 4.1-4.9. This argument is another

10   example of the Trustee's selective parsing of the MSA. Specifically, the MSA provides

11   that:

12       ESI shall . . .

13           4.2    Appoint a Program manager who shall serve as Ensemble's
                    initial and primary contact with regard to the Program . . .
14

15           4.3    Designate the individuals with whom Ensemble or the
                    Temporary Workers should communicate (as necessary in
16                  each Order) with respect to Ensemble's performance under
                    this Agreement.
17

18           4.4    Provide Ensemble with office space and facilities to
                    accommodate the on-site account team including, desks,
19                  telephones, computers, printers, fax machines and access to
                    ESI email system.
20

21           4.5    Place all orders for Temporary Workers under the Program
                    with Ensemble directly and not ordinarily directly
22                  communicate Orders to any Staffing Company . . .

23
             4.7    Assign the general parameters of work but not the manner and
24                  means to Temporary Worker independent contractors and
                    inform Ensemble supervisor(s) of the adequacy or inadequacy
25                  of the numbers and quality of performance of the Temporary
                    Worker assigned to ESI.
26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

MSA, §4.  These are all examples of the degree of control that ESI had over Ensemble's

duties as agent with regard to the procurement of Temporary Workers and billing and

invoicing services.

Notwithstanding the foregoing, the Trustee would have the Court adopt two

irreconcilable stances:  (i) that Ensemble was under no control of ESI such that Ensemble

could go around, willy-nilly, with no request, direction, or approval of ESI, and obtain

temporary workers for ESI and bind ESI to pay for such temporary workers; and, on the

other hand, (ii) that despite the lack of control by ESI, Ensemble had no power to bind

ESI with respect to services provided by the Staffing Companies.  The Trustee cannot

have it both ways.  This contradiction demonstrates the Trustee's untenable position.  The

Trustee's argument that "Express Scripts at no time possessed any power or control over

Ensemble" is contradicted by the express terms of the MSA and the uncontroverted

evidence set forth in the Waeckerle Declaration.

### 3.    The Alleged Commingling of Customer Funds By the Debtors Does Not Render the Commingled Funds Property Of the Debtors' Estates.

Commingling of funds is not dispositive as to an agency relationship; thus, the

Trustee's contention that Ensemble commingled funds does not rebut ESI's

uncontroverted evidence of an agency relationship.  Assuming that the Trustee is able to

introduce evidence that proves that ESI's Funds were commingled, such commingling

does not destroy the agreed upon agency relationship.[7]  As set forth in the Motion to

Compel, it is the agent's duty to not mingle the agent's property with anyone else's.

Motion to Compel, p. 9 (citing Res. 3d Agency § 8.12).  In re UDI Corp., 301 B.R. 104,

114-15 (Bankr.D. Mass. 2003) ("'control' over commingled funds, for preference

purposes, means the 'unfettered' right to use the funds . . . .  'Control' does not mean the

ability to steal the money, or use it for personal purposes in breach of duty.").  To the

---

[7] Concurrently herewith, ESI has filed its Evidentiary Objections to the Declaration of David W. Roberts, pursuant to which, ESI argues, among other things, that the Court should not allow the introduction of Trustee's purported evidence on commingling of funds.  ESI thereby moves the Court to exclude and strike the Declaration of David W. Roberts.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   extent that Ensemble breached its duty to not commingle ESI Funds, those ESI Funds

2   remain the property of ESI until paid by Ensemble to the Staffing Companies.  In re

3   Computrex, Inc., 403 F.3d 807, 811-13 (6th Cir. 2005) (rejecting trustee's argument that

4   debtor's commingling of client funds in a single account established that debtor was other

5   than mere disbursing agent; concluding that debtor lacked sufficient dominion and control

6   over funds for funds to be part of bankruptcy estate); In re Greenfield Direct Response,

7   Inc., 171 B.R. 848, 858 (Bankr. N.D. Ill. 1994) ("commingling by an agent of its funds

8   with those of a principal [does not] make the agent into an owner of the principal's

9   money"); In re CMC Telecom, Inc., 383 B.R. 52, 63-64 (Bankr. E.D. Mich. 2008)

10  (debtor's "mere possession of the funds and commingling of the money in a general

11  operating account [did] not make the funds property of the estate as property is defined by

12  11 U.S.C. § 541(d)").

13      The Trustee's argument is also undermined by the exceedingly significant fact that

14  Ensemble never paid the Staffing Companies *until* it received the funds from ESI.

15  Waeckerle Declaration, ¶15.  This uncontroverted evidence proves that Ensemble:  (i) did

16  not treat the purportedly commingled funds as a large pot of cash with which to pay

17  staffing companies at its discretion; and (ii) did not believe that it had an independent

18  obligation to pay funds to Staffing Companies in the event that it did not first receive ESI

19  Funds.  In addition, the Roberts Declaration states that over 100 customers' funds were

20  commingled in the Debtors' accounts.  Roberts Declaration, ¶10.  However, the Roberts

21  Declaration does not allege that the Debtors deposited their own funds into those

22  commingled accounts.  Id.  Accordingly, the alleged and unproven commingling of funds,

23  even if true, is another red herring raised by the Trustee.  Ensemble's only interest in the

24  ESI Funds was the Management Fee.  Ensemble's duty as ESI's agent was to disburse the

25  ESI Funds to the Staffing Companies.  Ensemble recognized this obligation and never

26  disbursed payment to the Staffing Companies until it had received from ESI the relevant

27  ESI Funds.

28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    In sum, ESI has met its burden and proven that Ensemble was an agent of ESI and

2    that the ESI Funds disbursed by Ensemble to the Staffing Companies were not property of

3    Ensemble's estate.

4    **B.    None Of The Staffing Companies Entered Into Contracts With Any Of The**

5    **Debtors With Regard To Services The Staffing Companies Provided To ESI.**

6    The Trustee relies heavily throughout his Opposition on the *Stipulation By Analysts*

7    *International Corporation and Chapter 7 Trustee and Order Modifying the Automatic*

8    *Stay to Permit Direct Payment From Customers and Allow Other Relief* (the "AIC

9    Stipulation") to argue that there was a direct contractual relationship between the Debtors

10   and the Staffing Companies.  See Exhibit A to Opposition.

11   The AIC Stipulation is the Trustee's primary support his opposition to:  (i)

12   bailor/bailee relationship (Opposition, II. A. 2.); (ii) transfers of ESI Funds held in trust by

13   Ensemble (Opposition, II. A. 3.); (iii) Staffing Companies were creditors of ESI not

14   Ensemble at the time of the Transfers (Opposition, II. B.); and (iv) the Transfers were not

15   made on account of an antecedent debt (Opposition, II. C.).

16   The Trustee overstates the contents of the AIC Stipulation. The AIC Stipulation

17   does not identify or attach any specific contract between any of the Debtors and AIC with

18   regard to services provided to ESI. The AIC Stipulation makes no reference to: (i) any of

19   the other Staffing Companies; or (ii) any contracts between any of the other Staffing

20   Companies and any of the Debtors.

21   The uncontroverted testimony of Carl Waeckerle, who was at all relevant times an

22   employee of the Debtor Ensemble, and Kenneth J. Quinn, an employee of ESI, is that

23   "[a]t all times prior to the Petition Date, ESI was in direct contractual privity with the

24   Staffing Companies.  To the best of my knowledge, none of the Staffing Companies

25   entered into contracts with Ensemble with regard to services provided to ESI."  Waeckerle

26   Declaration, ¶12; Quinn Declaration, ¶10.  ESI contracted directly with 50 vendors.  The

27   Waeckerle and Quinn Declarations have not been challenged by the Trustee as to 49 of 50

28   vendors.  The Trustee does not challenge that ESI had a direct contractual relationship

Snell & Wilmer
———— L.L.P. ————
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

11203658

- 8 -

1    with AIC.  At best, the Trustee suggests that AIC may have had a contract with one of the

2    Debtors, though the Trustee has not provided that contract.  Moreover, the Trustee has

3    dismissed its cause of action with prejudice against AIC, so the Trustee's alleged claim

4    against AIC is no longer the subject of ESI's Motion to Abandon.

5          Because the AIC Stipulation involves a Staffing Company that is no longer subject

6    to the Motion to Compel Abandonment, the Trustee has provided no evidentiary basis that

7    there were contracts between any of the Staffing Companies and any of the Debtors.

8    Accordingly, the Trustee has provided no evidentiary basis for his arguments set forth in

9    II. A. 2 and 3; and II. B. 2 and 3 of the Opposition.   Thus, the AIC Stipulation is a red

10   herring and not relevant to the matter at hand.  Given that the Trustee relies on the AIC

11   Stipulation as the cornerstone of his arguments throughout the Opposition, the Opposition

12   should be stricken.

13         Based on the foregoing, ESI respectfully submits that it has met its legal and

14   evidentiary burden with regard to the following arguments in the Motion to Compel

15   Abandonment:  (i) there was a bailor/bailee relationship between ESI and Ensemble; (ii)

16   there was a constructive or express trust with regard to ESI Funds transmitted to Ensemble

17   for payment to the Staffing Companies; (iii) the Staffing Companies are not creditors of

18   Ensemble, pursuant to section 547(b)(1) of the Bankruptcy Code; and (iv) the Ensemble's

19   disbursements of ESI Funds were not "for or on account of an antecedent debt owed by

20   the debtor," pursuant to section 547(b)(2) of the Bankruptcy Code.

21   **C.**      **The Trustee Does Not Refute That Ensemble Was A Bailee With Respect To**

22            **The *ESI Funds*.**

23         The Trustee attempts to distinguish Computrex on the grounds that there are, in the

24   instant case, purported direct contractual relations between Ensemble and the Staffing

25   Companies.  In re Computrex, Inc., 403 F.3d 807 (6th Cir. 2005).  As set forth in greater

26   detail in Section B above, the sole shred of purported evidence (Exhibit A to the

27   Opposition) that the Trustee relies on in for this argument is overstated and relates to only

28   one of 50 Staffing Companies.  The action against that single Staffing Company has been

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1 dismissed with prejudice by the Trustee and that Staffing Company, AIC, is not within the

2 scope of ESI's Motion to Compel Abandonment.

3     The Trustee's other attempts to distinguish <u>Computrex</u> also fail.  Significantly, the

4 relationship of the parties was strictly defined as evidenced generally by the MSA, and, in

5 particular, section 4 of the MSA and the parties' course of conduct set forth in paragraphs

6 10 – 22 of the Waeckerle Declaration.  It is undisputed that Ensemble's only right to the

7 ESI Funds was with respect to its management fee "of 1.75% of the total Bill Rates for

8 non-Information Technology services provided by the Staffing Companies, and 2.5% of

9 the total Bill Rates for Information Technology services provided by the Staffing

10 Companies . . . ."  Waeckerle Declaration, ¶18.

11     Based on the foregoing the Trustee has failed to refute the evidence set forth by

12 ESI that ESI had the direct contractual relations with the Staffing Companies and that

13 Ensemble did not have any contracts with the 49 Staffing Companies subject to the

14 Motion with regard to services provided to ESI.  Accordingly, (i) <u>Computrex</u> is directly on

15 point, (ii) Ensemble was ESI's bailee with respect to the ESI Funds; and (iii) the ESI

16 Funds were not property of Ensemble's estate and the Trustee cannot establish prima facie

17 actions against the Staffing Companies pursuant to section 547 of the Bankruptcy Code.

18 **D.**    **An Express Trust Was Created By ESI's Relationship With Ensemble.**

19     The Trustee denies the existence of a trust.  To distinguish ESI's reliance on <u>In re</u>

20 <u>Golden Triangle Capital, Inc., 171 B.R. 79 (9th Cir. B.A.P. 1994)</u>, the Trustee relies

21 exclusively on the AIC Stipulation for the proposition that "the Express Vendors

22 apparently did have a contractual relationship with the Debtors, making all such payments

23 to them proper."  Opposition, p. 10.  As set forth above, the Trustee fails to address 49 of

24 the 50 ESI Staffing Companies, and the Trustee has dismissed with prejudice all claims

25 against AIC, which is no longer the subject of the Motion to Compel Abandonment.  The

26 Trustee's attempt to distinguish <u>Golden Triangle</u> fails and ESI has met its legal and

27 evidentiary burden to establish an express trust.

28

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

11203658

- 10 -

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1    The Trustee's attempt to distinguish In re Tap also fails.  In re Tap, 52 B.R. 271

2  (Bankr. D. Mass. 1985).  The Trustee focuses on Tap's statement in support of its

3  imposition of a trust, as follows:

4      There was no consent to the debtor's use of funds for its own purposes,
       and the plaintiff relied upon the debtor's function as a transmitter of the
5      funds and not on any expectation of the debtor's solvency.

6  Tap, 52 B.R. at 276.

7      The Trustee then focuses on a provision in the sample Service Agreement attached

8  as Exhibit C to the Waeckerle Declaration for the allegation that ESI relied on Ensemble's

9  financial wherewithal to make the payments to the Staffing Companies.  The provision

10 relied on by the Trustee actually cuts against his argument.  The provision in question

11 provides that, "in the event that Ensemble fails to pay [Staffing Company] by reason of

12 bankruptcy or insolvency . . . ESI shall pay [Staffing Company] for all undisputed

13 amounts due hereunder."  See Exhibit C to Waeckerle Declaration, ¶5.  This provision

14 makes abundantly clear that none of the parties relied on Ensemble's creditworthiness to

15 make the payments to the Staffing Companies.  If Trustee's allegations were correct, then

16 this provision in the Servicing Agreement would not exist.  That is, if any of ESI,

17 Ensemble, or the Staffing Company expected that Ensemble was the party financially

18 responsible for making payments, then the provision in question would state that ESI

19 would not be liable to Staffing Company in the event of Ensemble's bankruptcy.  As a

20 matter of fact, as of the Petition Date, ESI had provided ESI Funds to Ensemble in the

21 amount of approximately $850,000 that had not been disbursed to the Staffing Companies.

22 See Proofs of Claim Nos. 1953 and 1954.  As per the Proofs of Claim, ESI made

23 payments directly to the Staffing Companies on account of the ESI Funds that Ensemble

24 failed to disburse.  See id.  Any notion that any of the parties relied on the

25 creditworthiness of Ensemble to ensure that payments were made to the Staffing

26 Companies is patently false.

27

28

11203658                                          - 11 -

**E.    ESI Is A Creditor And Party-In-Interest And Has Standing To Seek The**

**Abandonment Of The Causes Of Action Against The Staffing Companies.**

The Trustee argues that the Court should deny the Motion to Compel Abandonment because ESI has not intervened in the Adversary Proceedings, pursuant to Rule 7024.  The Trustee appears to be advocating his desire to be able to extract nuisance or defense cost settlements from ESI by forcing ESI to litigate each individual adversary proceeding.  The Trustee's position also seems to assume that this Court's resources can be squandered when an alternative, efficient and procedurally proper route is available to resolve whether the Trustee can, in the first instance, establish the prima facie elements of the preference actions against the Staffing Companies.

ESI is a creditor and party-in-interest in these cases.  See Proofs of Claim.  Section 554 of the Bankruptcy Code provides that:  "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(b).  Given that the weight of the legal authority relied on by ESI and the evidence produced by ESI sinks the Trustee's prospect of establishing prima facie causes of action against the Staffing Companies, the Court should grant the Motion to Compel Abandonment and order the adversary proceedings against the Staffing Companies to be dismissed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

11203658

- 12 -

1

## III.

2

## CONCLUSION

3     WHEREFORE, Express Scripts, Inc., respectfully requests that this Court enter an

4  Order compelling the Trustee to abandon all existing and potential Preference Actions

5  against the Staffing Companies, because they are of no value and benefit to the estate and

6  pursuit of the Preference Actions will be burdensome to the estate.  ESI also seeks such

7  other and further relief as the Court deems just and appropriate under the circumstances.

8

9  DATED: February 16, 2010.          SNELL & WILMER L.L.P.

10

11                         By  /s/ Eric S. Pezold (#255657)
                              Eric S. Pezold
12
                                    -and-
13
                              Mark T. Benedict
14                            Marshall C. Turner
                              Laura Toledo
15                            Husch Blackwell Sanders LLP

16                            Attorneys for Express Scripts, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

| In re:<br>AXIUM INTERNATIONAL, INC.,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 6:08-bk-10277-BB |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Snell & Wilmer L.L.P., 600 Anton Blvd., Ste. 1400, Costa Mesa, CA 92626

A true and correct copy of the foregoing document described **REPLY OF EXPRESS SCRIPTS, INC., TO CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION TO COMPEL ABANDONMENT OF CERTAIN CLAIMS PURSUANT TO SECTION 546 OF THE BANKRUTPCY CODE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 16, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **February 16, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Sheri A. Bluebond
United States Bankruptcy Court
255 E. Temple Street
Los Angeles, CA  90012-3300

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 16, 2010 | Dana Lewis | /s/ Dana Lewis |
| Date | Type Name: | Signature |

11203658

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

**CONTINUATION FROM SECTION I:** TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Franklin C Adams    franklin.adams@bbklaw.com, arthur.johnston@bbklaw.com;lisa.spencer@bbklaw.com;bknotices@bbklaw.com
- Andrew K Alper    aalper@frandzel.com, efiling@frandzel.com;ekidder@frandzel.com
- Paul S Arrow    parrow@buchalter.com, ifs_filing@buchalter.com
- Elizabeth Berke-Dreyfuss    edreyfuss@wendel.com
- Ann Bloetscher    abloetsc@ford.com
- Sandor T Boxer    tedb@tedboxer.com
- Erin N Brady    enbrady@jonesday.com
- Hall Brehme    crios@purdybrehme.com
- Alan F Broidy    sherrie@alanbroidy.com, afbroidy@ix.netcom.com
- Bradley E Brook    bbrook@bbrooklaw.com, jimmy@bbrooklaw.com
- Gillian N Brown    gbrown@pszjlaw.com, gbrown@pszjlaw.com
- Michael E Busch    michael.busch@fnf.com
- Thomas H Casey    msalustro@tomcaseylaw.com
- Sara Chenetz    chenetz@blankrome.com
- Shawn M Christianson    cmcintire@buchalter.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com
- Theodore A Cohen    tcohen@sheppardmullin.com
- Jonathan B Cole    jcole@nemecek-cole.com
- Enid M Colson    emc@dgdk.com, ecolson@dgdk.com
- Jon L Dalberg    jdalberg@lgbfirm.com, mprokocki@lgbfirm.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Henry S David    hdavid@dskllp.com, hdavid@swlaw.com
- Peter A Davidson    pdavidson@mdfslaw.com
- Asheley G Dean    agdean@hhlaw.com
- Howard M Ehrenberg    ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;hmehrenberg@ecf.epiqsystems.com
- Joseph A Eisenberg    jae@jmbm.com
- Christina Erickson    cerickson@richardsonpatel.com
- Richard W Esterkin    resterkin@morganlewis.com
- Lisa Hill Fenning    Lisa.Fenning@aporter.com, Jean.Kellett@aporter.com
- Wayne S Flick    wayne.s.flick@lw.com, colleen.rico@lw.com
- Joseph D Frank    jfrank@fgllp.com
- J Rudy Freeman    rfreeman@linerlaw.com, cjacobo@linerlaw.com
- Anthony A Friedman    aaf@lnbrb.com
- Ellen A Friedman    mmyles@friedumspring.com
- Ellyn S Garofalo    egarofalo@linerlaw.com
- Daniel H Gill    ecf@ebg-law.com, dgill@ebg-law.com
- Michael J Glenn    mglenn@thedonovanoffices.com
- Arthur Goldstein    agoldstein@tnsj-law.com
- David B Golubchik    dbg@lnbrb.com
- Sonya M Grahl    sgrahl1@ford.com
- Irving M Gross    img@lnbrb.com
- Steven T Gubner    sgubner@ebg-law.com, ecf@ebg-law.com
- Peter J Gurfein    pgurfein@akingump.com
- Joseph G Harraka    jgharraka@beckermeisel.com, bhbecker@beckermeisel.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- D Edward Hays    ehays@marshackhays.com
- Jeffery D Hermann    jhermann@orrick.com
- Michael J Heyman    michael.heyman@klgates.com
- Whitman L Holt    wholt@stutman.com
- Leslie R Horowitz    lhorowitz@clarktrev.com
- Mark D Houle    mark.houle@pillsburylaw.com

Snell & Wilmer
— L.L.P. —
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

- Marsha A Houston    mhouston@reedsmith.com
- James K T Hunter    jhunter@pszyjw.com
- Paul Jasper    pjasper@dl.com
- Peter F Jazayeri    pjazayeri@ecjlaw.com, pjazayeri@ecjlaw.com
- James O Johnston    johnstonj@hbdlawyers.com
- John J Jolley    jay.jolley@kutakrock.com
- Ivan L Kallick    ikallick@manatt.com, ihernandez@manatt.com
- David C Kelly    dkelly@prklaw.com
- John H Kim    jkim@cookseylaw.com
- John W Kim    jkim@nossaman.com
- Jonathan J Kim    jkim@pszjlaw.com, jkim@pszjlaw.com
- Joseph A Kohanski    jkohanski@bushquinonez.com
- Jeffrey A Krieger    jkrieger@ggfirm.com
- Ian Landsberg    ilandsberg@lm-lawyers.com, bgomelsky@landsberg-law.com;rbenitez@landsberg-law.com
- Daniel A Lev    dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- Joy E Levy    ecf@ebg-law.com
- Adam A Lewis    alewis@mofo.com
- Michael S Lurey    michael.lurey@lw.com, colleen.rico@lw.com
- Josefina F McEvoy    josefina.mcevoy@klgates.com, jparrott@foxrothschild.com
- C John M Melissinos    jmelissinos@andrewskurth.com, jreinglass@rutterhobbs.com
- Darrel C Menthe    dmenthe@mcguirewoods.com
- Hal M Mersel    mark.mersel@bryancave.com
- Elissa Miller    emiller@sulmeyerlaw.com
- Christopher Minier    becky@ringstadlaw.com
- Frank W Molloy    jgalambos@hmspasadena.com, mdickey@hmspasadena.com
- Susan I Montgomery    susan@simontgomerylaw.com
- Jennifer L Nassiri    jennifer.nassiri@dlapiper.com, bambi.clark@dlapiper.com
- Lisa N Nobles    lnobles@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- Aram Ordubegian    ordubegian.aram@arentfox.com
- Christina M Padien    cmoore@akingump.com
- Christine M Pajak    cpajak@stutman.com
- Mark Palley    mp@marionsinn.com
- John Petriello    john@lep-lawyers.com
- David M Poitras    dpoitras@jmbm.com
- Christian L Raisner    bankruptcycourtnotices@unioncounsel.net, craisner@unioncounsel.net
- Dean G Rallis Jr    drallis@sulmeyerlaw.com
- Todd C. Ringstad    becky@ringstadlaw.com
- Christopher O Rivas    crivas@reedsmith.com
- Victor A Sahn    vsahn@sulmeyerlaw.com
- Nanette D Sanders    becky@ringstadlaw.com
- Scott A Schiff    sas@soukup-schiff.com
- Gerald N Sims    jerrys@psdslaw.com
- Robyn B Sokol    ecf@ebg-law.com, rsokol@ebg-law.com
- Bennett L Spiegel    blspiegel@jonesday.com
- Michael St James    ecf@stjames-law.com
- Adam M Starr    starra@gtlaw.com
- Derrick Talerico    dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- Wayne R Terry    wterry@hemar-rousso.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Christine S Upton    csupton@kscllp.com
- Jason Wallach    jwallach@gladstonemichel.com
- Phillip K Wang    pwang@duanemorris.com
- Philip S Warden    philip.warden@pillsburylaw.com
- Gilbert B Weisman    notices@becket-lee.com
- Steven Werth    swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com

11203658

- Andrew J Whealy    andrew.whealy@kutakrock.com
- Katherine M Windler    katherine.windler@bryancave.com
- David M Wiseblood    dwiseblood@seyfarth.com
- Martin S Zohn    mzohn@proskauer.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

11203658